UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

  v.

RISHI SHAH,
SHRADHA AGARWAL, and
BRAD PURDY

No. 19 CR 864

Hon. Thomas M. Durkin
United States District Judge

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PREJUDICIAL EVIDENCE REGARDING SPENDING**

The UNITED STATES OF AMERICA, by its attorneys, MORRIS PASQUAL, Attorney for the United States Acting under Authority Conferred by 28 U.S.C. § 515, and GLENN S. LEON, Chief of the Fraud Section of the U.S. Department of Justice's Criminal Division, respectfully responds to defendant Shah's motion to exclude evidence of prejudicial spending (ECF No. 341) as follows:

 I. <u>Evidence underlying the financial transactions charged in Counts 10 and 12 is admissible notwithstanding defendant Shah's proposed stipulations.</u>

As this Court ruled at the pretrial conference, and the defendants initially conceded (ECF No. 287 at 24), there was "no way that proof of those two counts"—Counts 10 and 12, violations of the money laundering statute, 18 U.S.C. § 1957—"does not necessarily bring in what the money was used for." (ECF No. 331 at 28.) Defendant Shah has now had a change of heart and seeks to deprive the jury of those very facts. He wants to expunge from trial the fact that the $450,000 wire transfer charged as Count 10 constituted payment on a $75,000-per-month lease of a residence at 924 N. Clark, and that the $65,423.49 wire transfer charged as Count 12 was a

payment for a round-trip private jet charter to Vancouver and back to Chicago. Shah contends that so long as he stipulates to the fact that he initiated the financial transactions in question then the government should not be allowed to introduce any evidence about what those transactions were for—to include a copy of Shah's lease of 924 N. Clark (GX 587), an exterior photo of the residence (GX 1051, attached to this response), or a copy of the invoice whose payment is the Count 12 transaction (GX 604)—and that descriptions of those transactions in the indictment be stricken as surplusage. Shah's bid to handicap the government's ability to prove its case is contrary to prevailing law, and should be rejected.

To meet its burden that Shah committed a violation of 18 U.S.C. § 1957, the Government must prove beyond a reasonable doubt that (1) Shah engaged or attempted to engage in a monetary transaction; (2) Shah knew the transaction involved criminally derived property; (3) the property had a value greater than $10,000; (4) the property was derived from bank fraud; and (5) the transaction occurred in the United States. See 7th Cir. Pattern Criminal Jury Instructions (2022) at 812-813. Shah contends that a stipulation to elements one and five makes any other evidence about the transactions themselves irrelevant and unduly prejudicial under *Old Chief v. United States*, 519 U.S. 172 (1997). He is mistaken.

In *Old Chief*, the Supreme Court affirmed the principle that "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Id.* at 186-87. *Old Chief* made a limited exception to that principle: when the element in question is a defendant's

2

*status as a felon*, it violates Rule 403 to admit the prior conviction if defendant is willing to stipulate to the element. *Id.* at 183 n.7, 190-93. This is because there is no added evidentiary value beyond the stipulation and considerable prejudice if the jury learns the details of a prior conviction. *Id.* at 191-92. Yet the Seventh Circuit has repeatedly refused to extend *Old Chief* to cases beyond a defendant's felon status, particularly when knowledge is at issue. *See, e.g.*, *United States v. West*, 53 F.4th 1104, 1107-08 (7th Cir. 2022) (upholding government's rejection of stipulation to fact that images of child pornography were on defendant's computer); *United States v. Bowling*, 770 F.3d 1168, 1177 (7th Cir. 2014) (where knowledge was at issue details of underlying conviction had relevance beyond stipulation); *United States v. Phillippi*, 442 F.3d 1061, 1063 (7th Cir. 2006) (upholding government's rejection of stipulation to fact of pending felony cases when details of cases were also relevant to proving defendant knew he made a false statement). This Court should decline to do so here.

Shah's proposed stipulation to elements one and five is not an adequate substitute for relevant evidence about the money laundering transactions themselves. The Government must prove beyond a reasonable doubt that Shah knew that the funds involved in the transactions were proceeds of criminal activity. Knowledge is an undeniably difficult element to prove, and courts grant considerable leeway to the government to adduce circumstantial evidence of a defendant's knowledge. *See United States v. Santos*, 553 U.S. 507, 521 (2008) ("As for the knowledge element of the money-laundering offense—knowledge that the transaction involves profits of unlawful activity—that will be provable (as knowledge must almost

3

always be proved) by circumstantial evidence."). *United States v. Turner*, 400 F.3d 491, 497 (7th Cir. 2005) ("Knowledge may be inferred from circumstantial evidence."). How, when, where, and why Shah spent the funds predicating Counts 10 and 12 the way he did is circumstantial evidence that the Shah knew they were proceeds of crime.[1] *See, e.g.*, *United States v. Podlucky*, 567 F. App'x 139, 145 (3d Cir. 2014) (purchase of jewelry with criminal proceeds was evidence of defendant's knowledge that funds were criminal proceeds).

What is more, notwithstanding Shah's willingness to stipulate to two of the five elements, the Government must be able to tell the story of the charged transactions and place them in appropriate context. The Government is not introducing extraneous evidence of expenditures, but limited, contextual evidence about the who, what, where, and why of the specific transactions charged as Counts 10 and 12 in the superseding indictment. "[T]here lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be." *Old Chief*, 519 U.S. at 188. The jury will expect to learn what these transactions were for, why defendant Shah engaged in them, and whether he benefited from them.[2] Unlawful transactions stripped of all their detail and color fail to meet those legitimate expectations.

---

[1] To be sure, the Government will also be relying on evidence of Shah's underlying conduct in the fraudulent scheme at Outcome Health to prove his knowledge of the criminal original of the funds.

[2] The fact that Shah benefitted from the transactions—the proceeds paid the rent on his residence and paid for a trip that he took—tends to prove that he engaged in the monetary transactions at issue, the first element of the offense.

Finally, the potential for unfair prejudice does not substantially outweigh the evidence's probative value under Rule 403. The evidence the government seeks to admit for these transactions is anodyne: a residential lease, an invoice, and two photos of the exterior of the leased home. This Court already ruled that "as to the money laundering charge, the movement of the money, where it went is obviously relevant, and even if it's prejudicial, it's relevant. And its relevance outweighs any prejudicial impact." (ECF No. 331 at 69.) Indeed, the jury is going to hear evidence that defendants Shah and Agarwal personally sought out and obtained $37 million from a bank loan (Count Nine) and $225 million from a capital raise (Counts 22, 24, 26). It is hard to see how two photographs of a home's exterior and documents showing a $75,000-per-month lease and a $65,000 private jet flight are going to unduly prejudice Shah considering that the jury will know that he obtained more than $200 million from the Outcome fraud.

## II.   The photos of 924 N. Clark (GX 1051) are independently admissible.

Aside from their relevance to Count 10, the photos of Shah's house (GX 1051) are independently admissible to provide context for other evidence at trial. "To be relevant, evidence need not conclusively decide the ultimate issue in the case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014) (quoting

*Thompson v. City of Chi.*, 472 F.3d 444, 453 (7th Cir.2006)). The photos easily pass that test.

Two witnesses—Executive A and Ashik Desai—are expected to testify that they had important meetings with Shah at 924 N. Clark. Executive A negotiated terms of his employment during a conversation with Shah at the house. Executive A was surprised by the opulence of his soon-to-be-boss's house and, as a result, asked Shah what governance Outcome had in place if Shah turned out to be a "bad actor." Shah's response was that he was setting up a board that would have oversight of Shah. Desai is also expected to testify that he had important meetings with Shah at his residence, including a meeting in September 2016 in which deltas were discussed. While in Shah's house, Desai took a photograph of the whiteboard on which he and Shah sketched out the deltas (GX 1098). A photo of the home in which these consequential conversations took place is admissible to help the jury understand the context of those conversations and effect the home itself had on the witnesses' interactions with Shah. *See United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014) (upholding admission of photos of homes involved in mortgage fraud scheme even though they were in disrepair); *United States v. Green*, No. CR4:15-204, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) (upholding admission of "photos [that] provided a layout of the home and provided context for witness testimony").

The possibility of unfair prejudice from the photos is remote, and certainly not substantially outweighed by their probative value. GX 1051 consists of two photos of the exterior of Shah's home, which Desai and Executive A necessarily viewed and

walked through before entering.  It is not a detailed realtor's tour through the home's interior spread across multiple levels. The government's exhibit strikes a fair balance between the need to give the jury appropriate context for witness testimony and risk of wasteful detours into examples of conspicuous consumption.  Accordingly, Shah's motion should be denied.

<div style="margin-left:40%;">

Respectfully submitted,
MORRIS PASQUAL
Attorney for the United States Acting under Authority Conferred by 28 U.S.C. § 515

By:    *s/ Matthew F. Madden*
Matthew F. Madden
Saurish Appleby-Bhattacharjee
Assistant United States Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 469–6045

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:    *s/ William E. Johnston*
William E. Johnston
Kyle C. Hankey
Assistant Chiefs
1400 New York Ave NW
Washington, D.C. 20530

</div>

Dated: January 23, 2023