UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 19 CR 864-1 |
| v. ) | |
| ) | Judge Thomas M. Durkin |
| RISHI SHAH ) | |

**MOTION OF THE UNITED STATES FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), Title 28, United States Code, Section 2461(c), Title 21, United States Code, Section 853(p), and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

1. On November 21, 2019, a superseding indictment was returned charging RISHI SHAH with mail fraud, in violation of Title 18, United States Code, Section 1341 (Counts 1, 2, 4, 11, 23, and 25); wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts 5, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 26), and bank fraud, in violation of Title 18, United States Code, Section 1344 (Counts 9 and 13).

2. The superseding indictment sought forfeiture to the United States of any and all right, title and interest defendant RISHI SHAH may have in any property which constitutes and is derived from proceeds traceable to the charged mail and wire fraud offenses, as provided in Title 18, United States Code, Section 981(a)(1)(C) and

Title 28, United States Code, Section 2461(c); and any property which constitutes and is derived from proceeds obtained, directly or indirectly as to the bank fraud offenses, as provided in Title 18, United States Code, Section 982(a)(2)(A).

3. Beginning on January 24, 2023, a jury trial was held before this Court.

4. On April 11, 2023, the jury returned a verdict of guilty against defendant RISHI SHAH on Counts 1, 2, 4, 5, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 24, 25, and 26 of the superseding indictment, thereby making certain property subject to forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

5. Defendant RISHI SHAH waived his right to have the forfeiture allegations in the superseding indictment considered by the jury. It was agreed instead that this Court would consider the issues relating to the forfeiture.

6. The government is entitled to entry of a personal money judgment in the amount of $55,000,000 against SHAH, which represents proceeds traceable to the offenses.

7. The government is further entitled to the forfeiture of specific property listed in Exhibit A to the United States, as property which represents proceeds defendant obtained as a result of the fraud offenses of conviction. The property is to be applied in partial satisfaction of the personal money judgment.

8. Because of the defendant's conviction of the above violations, funds in the amount of $55,000,000 are subject to forfeiture as property which constitutes and is derived from proceeds traceable to the violations of conviction, and the property is

therefore subject to forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c). Furthermore, because of the defendant's conviction of the mail, wire, and bank fraud violations, the foregoing property is subject to forfeiture as property which constitutes and is derived from proceeds obtained as result of the violations of conviction, and are therefore subject to forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

9. Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B), unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing.

10. The United States requests that this Court enter a personal money judgment in the amount of $55,000,000, and further enter a preliminary order of forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), forfeiting all right, title, and interest defendant RISHI SHAH has in the foregoing property, as property constituting and derived from proceeds of the violations of conviction as charged in the indictment.

11. Pursuant to the provisions of Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), upon entry of this preliminary order of

forfeiture, United States Marshals Service, Federal Bureau of Investigation, or any other authorized law enforcement agency, shall seize and take custody of the subject funds for disposition according to law, and shall post notice of the forfeiture at the subject real property.

12. Specifically, the accounts listed in Exhibit B shall be liquidated and distributed.

13. Further, pursuant to the provisions of Title 21, United States Code, Section 853(n)(1), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the subject property according to law. The United States may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture, including but not limited to: BLG RES LLC, Chicago Title Land Trust Company, the Cook County Treasurer's Office, and AA Service Company.

14. Further, pursuant to the provisions of Title 21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), if, following notice as directed by this Court and Title 21, United States Code, Section 853(n)(1), any person, other than the defendant, asserts a legal interest in the subject property has been ordered forfeited to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph 13, whichever is earlier, and petitions the

4

Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury.

15. Following the Court's disposition of all third party interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture as to the subject property which shall vest clear title in the United States of America.

16. If funds to satisfy the personal money judgment entered against defendant RISHI SHAH, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. have been transferred or sold to, or deposited with, a third-party;

    c. have been placed beyond the jurisdiction of the Court;

    d. have been substantially diminished in value, or

    e. have been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant RISHI SHAH up to the value of the money judgment requested herein, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), and Fed. R. Crim. P. 32.2, in order to satisfy the money judgment entered by the Court. Pursuant to this provision, the government has identified the property listed in Exhibit C as property available to partially satisfy the forfeiture judgment entered by this Court.

17. Since funds in the amount of the outstanding judgment cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), and by Fed. R. Crim. P. 32.2, the United States, has the authority to forfeit additional substitute assets to satisfy the money judgment. Should assets become available to satisfy the forfeiture judgment in the future, the United States shall, at that time, file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property to satisfy any the forfeiture money judgment according to law.

18. Defendant SHAH objects to this motion.

19. Pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), and Subdivision (b)(3) of Rule 32.2 of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the Court hereby authorizes the Attorney General or her designated representatives to conduct discovery to identify or locate property subject to forfeiture, including substitute assets, and to seize property ordered forfeited upon such terms and conditions as set forth by the Court.

20. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of

forfeiture entered by this Court be made part of the sentence imposed against defendant RISHI SHAH and included in any judgment and commitment order entered in this case against him.

WHEREFORE, pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a personal money judgment against defendant RISHI SHAH in the amount $55,000,000, and further enter a preliminary order of forfeiture against defendant RISHI SHAH as to the foregoing funds and the property listed in Exhibits A & B, in accordance with the draft preliminary order of forfeiture which is submitted herewith.

    Respectfully submitted,

    MORRIS PASQUAL
    Acting United States Attorney

By:   *s/ Matthew F. Madden*
    Matthew F. Madden
    Saurish Appleby-Bhattacharjee
    Assistant United States Attorneys

    GLENN S. LEON
    Chief, Fraud Section
    Criminal Division
    U.S. Department of Justice

By:   *s/ Kyle C. Hankey*
    Kyle C. Hankey
    Assistant Chief