IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19 CR 864 |
| RISHI SHAH, et al., | Judge Thomas M. Durkin |
| Defendants. | |

### DEFENDANT RISHI SHAH'S MOTION TO COMPEL DISCLOSURE

COMES NOW Defendant Rishi Shah, by and through his undersigned counsel, and requests that this Court compel the Government to disclose the documents listed in the privilege log provided by the Government in connection with the evidentiary hearing on Mr. Shah's Motion to Dismiss or for a New Trial (Doc. #490). As set forth below, disclosure of several such documents is required under the Jencks Act, 18 U.S.C. § 3500, and Mr. Shah has made a showing of need sufficient to overcome the Government's claims of work product protection over those documents and others over which the Government has asserted work product claims. In support of his motion, Mr. Shah states a follows:

1. In connection with the evidentiary hearing ordered by this Court on Mr. Shah's Motion to Dismiss or for a New Trial (Doc. #490), Mr. Shah requested, among other things, documents and communications relating to: (1) the restraint of assets restrained by the Protective Order, (2) the traceability or source of funding of those assets, (3) FBI Forensic Accountant Megan Poelking's Grand Jury testimony, and (4) the forfeiture allegation in the Superseding Indictment. *See* **Ex. A** (First Request for Production).

2. On December 18, 2023, the Government filed a general objection to Mr. Shah's requests, asserting that its internal communications were protected from disclosure under by the attorney-client privilege, the work product doctrine, and/or the deliberative process privilege. *See* Objection (Doc. #639).

3. On January 3, 2024, Mr. Shah filed his response opposition to the Government's objections. *See* Resp. (Doc. #651).

4. Mr. Shah understands that the Government has produced to the Court, *ex parte*, approximately 162 otherwise responsive documents over which it claimed such protection, along with declarations from several Government attorneys, for the Court's review *in camera*.

5. The Court subsequently ordered the Government to produce a privilege log describing each of the documents that the Government had produced for *in camera* review.

6. Since that time, Mr. Shah's counsel has met and conferred with counsel for the Government on multiple occasions regarding its work product claims.

7. In particular, Mr. Shah has raised concern that numerous documents authored by FBI Forensic Accountant Megan Poelking should be produced under the Jencks Act, 18 U.S.C. § 3500, notwithstanding any claim of privilege or work product protection, in light of her having appeared as a witness at trial, in support of the Government's motion for preliminary order of forfeiture, and on in opposition to Mr. Shah's motion to dismiss.

8. Indeed, it well established that "[t]here is "no work product protection to the Jencks Act." *Hilbrich v. United States*, 341 F.2d 555, 557 (7th Cir. 1965); *Goldberg v. United States*, 425 U.S. 94, 108 (1976).

9. In addition, the Court previously ruled that Mr. Shah had made a showing of need sufficient to overcome the Government's work product claims at least with respect to the

Government's *ex parte* declarations and their attachments, which the Court found did "contain some work product," and ordered those declarations and their attachments disclosed. Tr. (Doc. #701) at 527:22–25, 528:1–6.

10. As the Court found, the documents Mr. Shah currently has access to "are suggestive" (but in the Court's view, "not conclusive") evidence that the Government had knowledge of the existence of nontraceable assets among the property restrained by the Protective Order, giving Mr. Shah "at least a plausible basis to explore" the Government's knowledge of those facts and any later subsequent to correct the improper restraint of nontraceable property. *Id.* at 527:2–5.

11. Mr. Shah respectfully submits that, if his showing to date was adequate to permit Mr. Shah access to the documents and declarations that the Court ordered disclosed, then the same showing should be adequate to permit Mr. Shah access to the Government's other documents regarding the same subject matter.

12. Mr. Shah understands that the only communications logged by the Government in its privilege log are documents that would be responsive to Mr. Shah's First Request for Production.

13. If that is the case, then the documents are presumably relevant to the matters under consideration on Mr. Shah's Motion to Dismiss or for a New Trial (Doc. #490).

14. In light of the showing made to date of potential (if not actual) Government knowledge of the restraint of nontraceable assets, Mr. Shah should not be limited to reviewing only the few documents that the Government has selected for inclusion with its declarations, but should instead be permitted to review all documents which bear upon that critical question.

15. In addition, providing Mr. Shah access to such documents is necessary in order to permit him to properly confront and examine the Government agents and attorneys whom he has requested to examine as part of the evidentiary hearing.

16. As ordered by the Court, Mr. Shah does not herewith provide a supporting memorandum, but instead incorporates the arguments and authorities presented to the Court to date, including those contained in his Proffer of Topics of Inquiry Common to Proposed Government Attorney Witnesses (Doc. #650), his Proffer of Topics of Inquiry for Specific Government Witnesses (Doc. #652), his Response to Court Regarding Request to Call Government Witnesses (Doc. # 695), his Reply in support thereof (Doc. #706), and his prior oral submissions to the Court relating to his requests, including most notably his oral argument presented on April 9, 2024. To the extent that the Government offers any separate response to the instant motion, Mr. Shah respectfully requests the opportunity to reply.

WHEREFORE Mr. Shah respectfully requests that this Court order the Government to produce to Mr. Shah each of the documents listed in its privilege log, and that the Court grant such other and further relief as the Court deems just and proper.

Dated: May 2, 2024

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*

*Attorney for Defendant Rishi Shah*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 2, 2024, the foregoing was served upon all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN