UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 864-1 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| RISHI SHAH | ) | |

**AMENDED PRELIMINARY ORDER OF FORFEITURE**

On motion of the United States, this Court previously entered a Preliminary Order of Forfeiture (Doc. #622) with respect to Defendant Rishi Shah. The United States now asks this Court to issue an amended preliminary order of forfeiture pursuant to of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2 to correct certain errors and update the Preliminary Order of Forfeiture and to execute a stipulation reached by the parties as to certain funds previously released to Defendant Shah under this Court's orders. Defendant Shah preserves the objections previously raised to the entry of the original Preliminary Order of Forfeiture, which the Court addressed in its prior Order (Doc. #580), but does not further object to the form of this order in light of the Court's ruling.

(a)    On November 21, 2019, a superseding indictment was returned charging RISHI SHAH with mail fraud, in violation of Title 18, United States Code, Section 1341 (Counts 1, 2, 4, 11, 23, and 25); wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts 5, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 26),

and bank fraud, in violation of Title 18, United States Code, Section 1344 (Counts 9 and 13).

(b)     The superseding indictment sought forfeiture to the United States of any and all right, title and interest defendant RISHI SHAH may have in any property which constitutes and is derived from proceeds traceable to the charged mail and wire fraud offenses, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and any property which constitutes and is derived from proceeds obtained, directly or indirectly as to the bank fraud offenses, as provided in Title 18, United States Code, Section 982(a)(2)(A).

(c)     Beginning on January 24, 2023, a jury trial was held before this Court.

(d)     On April 11, 2023, the jury returned a verdict of guilty against defendant RISHI SHAH on Counts 1, 2, 4, 5, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 24, 25, and 26 of the superseding indictment, thereby making certain property subject to forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

(e)     Defendant RISHI SHAH waived his right to have the forfeiture allegations in the superseding indictment considered by the jury. It was agreed instead that this Court would consider the issues relating to the forfeiture.

(f)     The government is entitled to entry of a personal money judgment in the amount of $55,000,000 against SHAH, which represents proceeds traceable to the offenses.

(g) The government is further entitled to the forfeiture of specific property listed in Exhibit A to the United States, as property which represents proceeds defendant obtained as a result of the fraud offenses of conviction. The property is to be applied in partial satisfaction of the personal money judgment.

(h) The government is further entitled to the forfeiture of substitute property listed in Exhibit B to the United States, to be applied in partial satisfaction of the personal money judgment.

(i) In addition, the parties have entered into a Stipulation in which Mr. Shah has agreed to forfeit $1.5 million to the United States as substitute property, in exchange for the Government's agreement not to pursue other funds released to Mr. Shah under this Court's prior orders. That $1.5 million is identified in paragraph xx of Exhibit B.

(j) Because of the defendant's conviction of the above violations, funds in the amount of $55,000,000 are subject to forfeiture as property which constitutes and is derived from proceeds traceable to the violations of conviction, and the property is therefore subject to forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c). Furthermore, because of the defendant's conviction of the mail, wire, and bank fraud violations, the foregoing property is subject to forfeiture as property which constitutes and is derived from proceeds obtained as result of the violations of conviction, and are therefore subject to forfeiture pursuant to the provisions of Title

18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

(k) The United States requests that this Court enter a personal money judgment in the amount of $55,000,000, and further enter a preliminary order of forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), forfeiting all right, title, and interest defendant RISHI SHAH has in the foregoing property, as property constituting and derived from proceeds of the violations of conviction as charged in the indictment.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. A judgment is entered against RISHI SHAH in the amount of $55,000,000 (the "$55 million money judgment").

2. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest RISHI SHAH may have in the property listed in Exhibit A, is hereby forfeit to the United States of America for disposition according to law as which constitutes and is derived from proceeds obtained as result of the violations of conviction.

3. Further, the property listed in Exhibit A and Exhibit B is hereby restrained, and forfeit to the United States of America, up to the value of the $55 million money judgment, though at this time the Court will not order the seizure and liquidation of the property in Exhibit B. If the government obtains authority to seize

and liquidate any property in Exhibit B and in fact liquidates such property, it will be applied in partial satisfaction of the $55 million money judgment.

4. Pursuant to the provisions of Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), upon entry of this preliminary order of forfeiture, United States Marshals Service, Federal Bureau of Investigation, or any other authorized law enforcement agency, shall seize and take custody of the property listed in Exhibit A for disposition according to law, and shall post notice of the forfeiture at the subject real property located at 924-926 N. Clark Street, Chicago, Illinois 60610.

4. Specifically, at the direction of representatives of the United States Department of Justice, including the United States Attorney's Office for the Northern District of Illinois, the Fraud Section, and the United States Marshals Service, the property and accounts listed in Exhibit A shall be liquidated and distributed to the United States.

5. Further, pursuant to the provisions of Title 21, United States Code, Section 853(n)(1), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the subject property according to law. The United States may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture,

including but not limited to: BLG RES LLC, Chicago Title Land Trust Company, the Cook County Treasurer's Office, and AA Service Company.

6. Further, pursuant to the provisions of Title 21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), if, following notice as directed by this Court and Title 21, United States Code, Section 853(n)(1), any person, other than the defendant, asserts a legal interest in the subject property that has been ordered forfeited to the United States within thirty days of the final publication of notice or this receipt of notice under paragraph 5, whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury.

7. Following the Court's disposition of all third party interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture as to the subject property which shall vest clear title in the United States of America.

8. If by any act or omission on the part of defendant RISHI SHAH, funds in the amount of $55,000,000 cannot be located to satisfy the forfeiture judgment, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), the United States has the authority to forfeit substitute assets up to the amount of the outstanding balance to satisfy the money judgment entered by this Court.

9. Should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment according to law.

10. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant RISHI SHAH and included in any judgment and commitment order entered in this case against him.

11. The government shall provide notice of this order to the entities referenced in Exhibits A and B.

12. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*Thomas M. Durkin*

THOMAS M. DURKIN
United States District Court Judge

Dated: 6/18/2024

Exhibit A

(a) All right, title and interest in 7Wire Ventures Fund LP, regardless of whether such interest is held in cash, stock or otherwise, held in the name of Jumpstart Ventures II, LLC that was acquired by or exchanged for $280,000 in capital contributions submitted on or around January 5, 2017, and $60,000 in capital contributions submitted on or around May 31, 2018, plus any appreciation on that right, title and interest;

(b) the property located at 924-926 N. Clark Street, Chicago, Illinois 60610 and legally described as:

>    LOT 6 (EXCEPT THE SOUTH 23.00 FEET THEREOF) AND ALL OF LOTS 7 AND 8 IN SUBDIVISION OF THE SOUTH HALF (EXCEPT THE WEST 171.25 FEET THEREOF) OF BLOCK 11 BUSHNELLS'S ADDITION TO CHICAGO IN SECTION 4, TOWHHSIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT ENTITLED "PLAT OF SUBDIVISION CONTINUED OF THE SOUTH HALF OF BLOCK 11 IN BUSHNELL'S ADDITION RECORDED IN THE RECORDER'S OFFICE OF COOK COUNTY, ILLINOIS IN BOOK 12 OF PLATS PAGE 68 AS DOCUMENT 143621, IN COOK COUNTY, ILLINOIS.

>    PIN: 17-04-431-014-0000;

(c) All right, title and interest in AP 100 W Huron Investors, LLC, or any successor entity, held in the name of Gravitas Holdings, LLC, that was 17.747958% of 100 W Huron Investors, LLC on or about October 10, 2017, acquired by $2,537,695 from Gravitas Holdings, LLC and RISHI SHAH, on or about that same date, plus any appreciation on that right, title and interest;

(d) All right, title and interest in Eight Partners VC Fund I, LP held in the name of Jumpstart Ventures II, LLC, that was acquired by or exchanged for $175,000 in capital contributions submitted between approximately July 15, 2016 and June 14, 2017, and $15,000 in capital contributions submitted on or about April 24, 2018, plus any appreciation on such right, title and interest;

(e) All right, title and interest in Guild Capital and investments made by Guild Capital, held in the name of or for the benefit of Gravitas Holdings, LLC and Jumpstart Ventures II, LLC, that were acquired by or exchanged for $75,000 in capital contributions submitted on or about August 12, 2016, and $475,000 in capital contributions submitted between approximately August 1, 2017, and November 27, 2018, plus any appreciation on such right, title and interest;

(f) All right, title and interest in Healthx Ventures Fund, held in the name of Jumpstart Ventures II LLC, Gravitas Holdings, LLC, and RISHI SHAH that

1

Exhibit A

        was acquired by or exchanged for $22,000 in capital contributions submitted on or about October 27, 2016, and $12,000 in capital contributions submitted on or about May 2, 2018, plus any appreciation on that right, title and interest;

(g)     All right, title and interest in Institutional Venture Partners XVI, LP, and in Institutional Venture Partners XV, LP, held in the name of Gravitas Holdings, LLC and Jumpstart Ventures II LLC, that was acquired by or exchanged for $80,000 in capital contributions submitted on or around January 5, 2017, and $1,800,000 in capital contributions submitted between approximately March 2, 2018, and July 9, 2019, plus any appreciation on that right, title and interest;

(h)     All right, title and interest in L Squared Capital Management, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $35,000 in capital contributions submitted on or around January 5, 2017, and $303,045 in capital contributions submitted between approximately September 27, 2017, and July 17, 2019, plus any appreciation on such right, title and interest;

(i)     All right, title and interest in L Squared Capital Partners II, LLC, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,235,621 in capital contributions submitted between approximately June 2, 2017, and July 18, 2017, plus any appreciation on that right, title and interest;

(j)     All right, title and interest in Leerink Transformation Fund I, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,980,631 in capital contributions submitted between July 28, 2017, and July 1, 2019, plus any appreciation on that right, title and interest, including $3,642,189 seized by the government on or about September 30, 2021, currently held in a United States Marshals Service escrow account, plus any appreciation on those funds;

(k)     All right, title and interest in Leerink Transformation Partners, LTP BHE LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $319,489 in capital contributions submitted on or about June 28, 2019, plus any appreciation on that right, title and interest;

(l)     All right, title and interest in Monarch Capital Partners IV, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $1,526,821.96 in capital contributions submitted between approximately May 9, 2019, and July 25, 2019, plus any appreciation on that right, title and interest, including $1,223,066.35 currently held in a United States Marshals Service escrow account, plus any appreciation on those funds;

Exhibit A

- (m) All right, title and interest in approximately 60,053 shares of Series A2 Preferred Stock of Swipesense, which were converted into interest in SC Johnson, held in the name of Jumpstart Ventures II, LLC; 90,425 shares of Series B3 Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC,; 252,045 shares of Series B4 Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC; and 361,702 shares of Series B Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC and Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest;

- (n) All right, title and interest in Valor Equity Partners IV, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,222,238 in capital contributions submitted on or about August 14, 2017, plus any appreciation on that right, title and interest;

- (o) $7,461,413.17 in Account XAZ006290 and all linked accounts at Pershing, LLC, held in the name of Gravitas Holdings, LLC, including, but not limited to, Accounts XEJ006076, XEJ006159, XEJ003123, XA6063129, XEJ007090, and XEJ007108, plus any appreciation on those funds;

- (p) All right, title and interest in approximately 3,291 shares of common stock of Instructure, Inc., held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest;

- (q) All right, title and interest in Boom Train, currently known as Zeta Global Holdings Corp, held in the name of Gravitas Holdings, LLC, Jumpstart Ventures II LLC, and RISHI SHAH that was acquired by or exchanged for $18,161 in capital contributions on or about January 5, 2017, plus any appreciation on that right, title and interest;

- (r) All right, title and interest in I2A Ventures SPV held in the name of Jumpstart Ventures II, LLC that was acquired by, or exchanged for $1,000,000 in capital contributions submitted on or about May 9, 2016, plus any appreciation on those funds;

- (s) All right, title and ownership in Chicago Ventures Founders Fund LP held in the name of Jumpstart Ventures II, LLC that was acquired by, or exchanged for $100,000 in capital contributions submitted on or about June 28, 2016, plus any appreciation on that right, title and interest, including $329,933.80[1] currently held in a United States Marshals Service escrow account, plus any appreciation on those funds;

---

[1] Updated to include $14,152.26 that was previously listed in paragraph (r)

Exhibit A

(t)     All right, title, and interest in Diversified 321 N Clark, LLC, held by or in the name of Jumpstart Ventures II, LLC, that was acquired by, or exchanged for $200,000 in capital contributions submitted on or about August 8, 2016, plus any appreciation on that right, title and interest;

(u)     All right, title and interest in Greatpoint Ventures Innovation Fund, LP, held in the name of Jumpstart Ventures II LLC, that was acquired by or exchanged for $158,879 in capital contributions submitted between approximately August 8, 2016, and April 28, 2017, including 209 shares (38% of 549 shares) of Beyond Meat held in the name of Jumpstart Ventures II LLC, which were held in a Merrill Lynch account, plus any appreciation on that right, title and interest;

(v)     All right, title and interest in MATH Venture Partners, LP held in the name of Jumpstart Ventures LLC, that was acquired by or exchanged for $45,000 in capital contributions submitted on or about October 11, 2016, plus any appreciation on that right, title and interest;

(w)     All right, title and interest in approximately 250,454 shares of Series Preferred AA stock of Silvervue, Inc., and 751,362 shares of common stock of Silvervue, Inc., held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest;

(x)     All right, title and interest in approximately 705,417 shares of Wisercare that was acquired by or exchanged for $250,000 on or about August 5, 2016, held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest;

(y)     Funds in the amount of $6,500,000 turned over to the government by Quinn Emanuel Urquhart & Sullivan LLP on or about July 7, 2020, currently held in a United States Marshals Service escrow account, plus any appreciation on those funds.

(z)     All right, title and interest in Corazon Capital II, LP, held in the name of Jumpstart Ventures II, LLC that was acquired by or exchanged for $50,000 in capital contributions submitted on or about January 5, 2017, plus any appreciation on that right, title and interest, including $38,923.25 currently held in a United States Marshals Service escrow account, plus any appreciation on those funds;

(aa)     All right, title and interest in Impact Engine IV, LLC, held in the name of Rishi Shah, Shradha Agarwal, Brad Purdy, Gravitas Holdings, LLC, and Jumpstart Ventures LLC, that was acquired or exchanged for $35,000 in capital contributions, plus any appreciation on that right title and interest, and

4

Exhibit A

(bb)     All right, title and interest in Institutional Venture Partners XV, LP held in the name of Jumpstart Ventures, LLC and/or Gravitas Holdings, LLC, that was acquired by, or exchanged for $40,000 in capital contributions submitted on or about July 15, 2016, plus any appreciation on those funds.

Exhibit B

i. All right, title, and interest in 7Wire Ventures Fund, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $60,000 and $280,000 in capital contributions (plus any appreciation) directly forfeitable;

ii. All right, title, and interest in Eight Partners VC Fund I, LP, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $15,000 and $175,000 in capital contributions (plus any appreciation) directly forfeitable;

iii. All right, title, and interest in Guild Capital and investments made by Guild Capital, held by or in the name of Gravitas Holdings, LLC or Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $475,000 and $75,000 in capital contributions (plus any appreciation) directly forfeitable;

iv. All right, title, and interest in Healthx Ventures Fund held by or in the name of RISHI SHAH, Gravitas Holdings, LLC, or Jumpstart Ventures II LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $12,000 and $22,000 in capital contributions (plus any appreciation) directly forfeitable;

v. All right, title, and interest in Institutional Venture Partners XVI, LP, and in Institutional Venture Partners XV, LP, held by or in the name of RISHI SHAH, Gravitas Holdings, LLC, or Jumpstart Ventures II LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $1,800,00000, $80,000 and $200,000 in capital contributions (plus any appreciation) directly forfeitable;

vi. All right, title, and interest in L Squared Capital Management, LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $303,045.00 in capital contributions (plus any appreciation) directly forfeitable;

vii. All right, title, and interest in L Squared Capital Partners II, LLC and L Squared Capital Partners II, LLC – Series Oracle, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $2,235,621.00 in capital contributions (plus any appreciation) directly forfeitable;

viii. All right, title, and interest in Leerink Transformation Partners – LTD BHE LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $319,489.00 in capital contributions (plus any appreciation) directly forfeitable;

ix. All right, title, and interest in Monarch Capital Partners IV, LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $1,526,821.96 in capital contributions (plus any appreciation) directly forfeitable;

x. All right, title, and interest in Swipesense, Inc., converted into interests in SC Johnson, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the 60,053 shares of Series A2 Preferred Stock directly forfeitable, less the 90,425 shares of Series B3 Preferred Stock directly forfeitable, less the 252,045 shares of Series B4 Preferred Stock directly forfeitable, and less the 361,702 shares of Series B Preferred stock, converted into interest in SC Johnson, (plus any appreciation) directly forfeitable;

xi. All right, title, and interest in Account XAZ006290 and all linked accounts at Pershing, LLC, held in the name of Gravitas Holdings, LLC, including, but not limited to, Accounts XEJ006076, XEJ006159, XEJ003123, XA6063129, XEJ007090, and XEJ007108, plus any appreciation on such right, title and interest, less the $7,461,413.17 (plus any appreciation) directly forfeitable;

xii. All right, title, and interest in Boom Train, currently known as Zeta Global Holdings Corp, held by or on behalf of RISHI SHAH, Gravitas Holdings, LLC, and Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $18,161 in capital contributions (plus any appreciation) directly forfeitable;

xiii. All right, title, and interest in I2A Fund II LLC, held by or in the name of Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $1,000,000 in capital contributions (plus any appreciation) directly forfeitable;

xiv. All right, title, and interest in Chicago Ventures Founders Fund LP, held by or in the name of Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $100,000 in capital contributions (plus any appreciation) directly forfeitable;

xv. All right, title, and interest in Diversified 321 N Clark, LLC, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $200,000 in capital contributions (plus any appreciation) directly forfeitable;

xvi. All right, title, and interest in Greatpoint Ventures Innovation Fund, LP, held by or in the name of Jumpstart Ventures II, LLC, including 340 shares of Beyond Meat, which were held in a Merrill Lynch account, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $158,879.00 in capital contributions and 209 shares of Beyond Meat (plus any appreciation) directly forfeitable;

xvii. All right, title, and interest in MATH Venture Partners, LP, held in the name of Jumpstart Ventures LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $45,000 in capital contributions (plus appreciation) directly forfeitable;

xviii. All right, title and interest in Corazon Capital II, LLC, held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest, less the right, title and interest that was acquired by or exchanged for $50,000 in capital contributions (plus any appreciation) directly forfeitable;

xix. All right, title and interest in Impact Engine IV, LLC, held in the name of Gravitas Holdings, LLC, Jumpstart Ventures II LLC and RISHI SHAH, plus any appreciation on that right, title and interest, less the right, title and interest that was acquired by or exchanged for $35,000 in capital contributions (plus any appreciation) directly forfeitable;

xx. All right, title and interest in $1.5 million in funds held in a client trust account at the Bryan Cave Leighton Paisner law firm for credit to RISHI SHAH; and

xxi. All right, title and interest in Institutional Venture Partners XV, LP held in the name of Jumpstart Ventures, LLC and/or Gravitas Holdings, LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $40,000 in capital contributions (plus any appreciation) directly forfeitable.

3