IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19 CR 864 |
| RISHI SHAH, et al., | Judge Thomas M. Durkin |
| Defendants. | |

## **<u>NOTICE OF APPEAL</u>**

Rishi Shah hereby appeals to the U.S. Court of Appeals for the Seventh Circuit from the final judgment dated July 1, 2024, R. 805, including each and every part of the judgment and sentence and all interlocutory rulings subsumed therein.

Dated: July 15, 2024

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*

*Attorneys for Defendant Rishi Shah*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

RISHI SHAH, et al.,

        Defendants.

Case No. 19 CR 864

Judge Thomas M. Durkin

## **DOCKETING STATEMENT**

Pursuant to Seventh Circuit Rule 3(c), Rishi Shah submits the following Docketing Statement contemporaneously with the filing of his Notice of Appeal in the above-captioned case.

This is a direct appeal from a criminal conviction in the U.S. District Court for the Northern District of Illinois, Eastern Division. On November 21, 2019, a federal grand jury returned a superseding indictment charging Mr. Shah with 22 counts of mail fraud, wire fraud, bank fraud, and money laundering in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1957. R. 14.

The indictment also included forfeiture allegations, stating that the grand jury found probable cause to believe that "[a]ll right, title, and interest" in certain assets were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461(c). *Id.* at 49–57. On November 22, 2019, the District Court issued a protective order mirroring the forfeiture allegations. R. 27. On January 3, 2020, Mr. Shah moved to amend the protective order, asking the Court to unfreeze $10.3 million to hire counsel of his choice, R. 75-1, which the District Court denied on April 8, 2020, R. 108.

The case proceeded to an eleven-week-long jury trial. R. 678 at 2. On April 11, 2023, the jury convicted Mr. Shah on 19 counts and acquitted him on 3 counts. *Id.* at 3.

On June 15, 2023, the Government moved for a preliminary order of forfeiture.  R. 465. Based on the evidence adduced at the forfeiture hearing, Mr. Shah moved to amend the protective order to release millions of dollars in property that the Government conceded were not traceable to any criminal activity. R. 474, 524; *see also* R. 480 at 16, 229; R. 482 at 12; R. 482-11.  The District Court granted Mr. Shah's motion and ultimately ordered the release of approximately $10.5 million, R. 500, 506, 551, 555.  Mr. Shah also opposed the Government's motion for a preliminary order of forfeiture on other grounds.  R. 511.  The Court granted in part and denied in part the Government's forfeiture motion on November 15, 2023.  R. 580.

On July 14, 2023, in parallel with the ongoing forfeiture litigation, Mr. Shah moved for acquittal or alternatively for a new trial.  R. 489.  The Court denied the motion on March 21, 2024. R. 678.

On July 14, 2023, Mr. Shah also moved to dismiss the indictment, or alternatively for a new trial, arguing that the Government violated the Fifth and Sixth Amendments and the forfeiture laws in restraining Mr. Shah's untainted assets before trial.  R. 490.  The District Court held evidentiary hearings, compelled testimony of multiple government attorneys and the disclosure of internal government work product, and ultimately denied that motion on June 12, 2024.  R. 747.

On June 26, 2024, the District Court sentenced Mr. Shah to 90 months of imprisonment on each count to run concurrently and reserved ruling on the imposition of any order of restitution. The Court entered a judgment dated July 1, 2024, on the docket on July 2, 2024.  R. 805.

Mr. Shah timely filed his Notice of Appeal on July 15, 2024, within 14 days after the entry of final judgment.  *See* Fed. R. App. P. 4(b)(1)(A)(i).

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  The Court of Appeals will have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §§ 3664(o), 3742(a).

Dated: July 15, 2024                    Respectfully submitted,

                                        BRYAN CAVE LEIGHTON PAISNER LLP

                                        */s/ Richard E. Finneran*
                                        RICHARD E. FINNERAN
                                        211 North Broadway, Suite 3600
                                        St. Louis, Missouri 63102
                                        Tel: (314) 259-2000
                                        Fax: (314) 259-2020
                                        *richard.finneran@bryancave.com*


                                        *Attorneys for Defendant Rishi Shah*



## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel of record by operation of

the Court's electronic filing system.

                                        */s/ Richard E. Finneran*
                                        RICHARD E. FINNERAN

3

# UNITED STATES DISTRICT COURT
### Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| RISHI SHAH | ) | Case Number:      1:19-CR-00864(1) |
| | ) | |
| | ) | USM Number:      54788-424 |
| | ) | |
| | ) | |
| | ) | Richard Finneran |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)      which was accepted by the court.

☒ was found guilty on count(s) 1, 2, 4, 5, 9-19, 22, and 24-26 of the Superseding Indictment after a plea of not guilty. The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:1341 Mail Fraud | 02/02/2015 | 1 |
| 18:1341 Mail Fraud | 02/04/2015 | 2 |
| 18:1341 Mail Fraud | 05/14/2015 | 4 |
| 18:1343 Wire Fraud | 11/14/2015 | 5 |
| 18:1344 Bank Fraud | 04/08/2016 | 9 |
| 18:1957 Money Laundering | 06/15/2016 | 10 |
| 18:1341 Mail Fraud | 07/22/2016 | 11 |
| 18:1957 Money Laundering | 08/12/2016 | 12 |
| 18:1344 Bank Fraud | 12/23/2016 | 13 |
| 18:1343 Wire Fraud | 01/23/2017 | 14 |
| 18:1343 Wire Fraud | 01/24/2017 | 15-17 |
| 18:1343 Wire Fraud | 01/25/2017 | 18 |
| 18:1343 Wire Fraud | 02/01/2017 | 19 |
| 18:1343 Wire Fraud | 03/01/2017 | 22 |
| 18:1343 Wire Fraud | 03/20/2017 | 24 |
| 18:1341 Mail Fraud | 04/24/2017 | 25 |
| 18:1343 Wire Fraud | 04/28/2017 | 26 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) Any remaining dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

June 26, 2024
Date of Imposition of Judgment

*Thomas M. Durkin*
Signature of Judge

Thomas M. Durkin, United States District Judge
Name and Title of Judge

July 1, 2024
Date

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 2 – Imprisonment

DEFENDANT: RISHI SHAH
CASE NUMBER: 1:19-CR-00864(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1, 2, 4, 5, 9-19, 22, and 24-26. Terms to run concurrently.

☒       The court makes the following recommendations to the Bureau of Prisons: It is recommended that the defendant serve his term of imprisonment at FPC Montgomery Minimum Security and participate in RDAP.

☐       The defendant is remanded to the custody of the United States Marshal.

☐       The defendant shall surrender to the United States Marshal for this district:

        ☐       at 2:00pm on

        ☐       as notified by the United States Marshal.

        ☒       The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☒       before 2:00 pm on 9/26/2024

        ☐       as notified by the United States Marshal.

        ☐       as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

                                 _____

                                 UNITED STATES MARSHAL

                     By _____

                                 DEPUTY UNITED STATES MARSHAL

Case: 1:19-cr-00864 Document #: 820 Filed: 07/18/24 Page 8 of 50 PageID #:30129
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release                                                                                                    Judgment – Page 3 of 8

DEFENDANT:  RISHI SHAH
CASE NUMBER:  1:19-CR-00864(1)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1, 2, 4, 5, 9-19, 22, and 24-26, terms to run concurrently. The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

☒ (1) you shall not commit another Federal, State, or local crime.

☒ (2) you shall not unlawfully possess a controlled substance.

☐ (3) you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence.  [Use for a first conviction of a domestic violence crime, as defined in **§ 3561(b)**.]

☐ (4) you shall register and comply with all requirements of the Sex Offender Registration and Notification Act **(42 U.S.C. § 16913)**.

☒ (5) you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

☒ (6) you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.  [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions —** The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D);** and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

☒ (1) you shall provide financial support to any dependents if you are financially able to do so.

☐ (2) you shall make restitution to a victim of the offense under **§ 3556** (but not subject to the limitation of **§ 3663(a)** or **§ 3663A(c)(1)(A)**).

☐ (3) you shall give to the victims of the offense notice pursuant to the provisions of **§ 3555**, as follows:

☒ (4) you shall seek, and work conscientiously at, lawful employment or, if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment.

☐ (5) you shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s))

☒ (6) you shall not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in criminal activity and shall not:

  ☐ visit the following type of places:

  ☐ knowingly meet or communicate with the following persons:

☒ (7) you shall refrain from ☒ any or ☐ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08; or ☐        ), and from any use of a narcotic drug or other controlled substance, as defined in **§ 102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.

☒ (8) you shall not possess a firearm, destructive device, or other dangerous weapon.

☒ (9)   ☒ you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

  ☐ you shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.

  ☐ you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify:        .)

☐ (10) (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling        [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment – Page 4 of 8

DEFENDANT: RISHI SHAH
CASE NUMBER: 1:19-CR-00864(1)

§3583(b)(10) shall be imposed only for a violation of a condition of supervised release in accordance with **§ 3583(e)(2)** and only when facilities are available) for the following period ____.

☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of _____ months.

☐ (12) you shall work in community service for _____ hours as directed by a probation officer.

☐ (13) you shall reside in the following place or area: _____, or refrain from residing in a specified place or area: _____.

☒ (14) you shall not knowingly leave from the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

☒ (15) you shall report to a probation officer as directed by the court or a probation officer.

☒ (16) ☒ you shall permit a probation officer to visit you ☒ at any reasonable time or ☐ as specified: ,
        ☒ at home     ☒ at work     ☒ at school     ☒ at a community service location
        ☒ other reasonable location specified by a probation officer
     ☒ you shall permit confiscation of any contraband observed in plain view of the probation officer.

☒ (17) you shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. You shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

☒ (18) you shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

☐ (19) (home confinement)

    ☐ (a)(i) (home incarceration) for a period of __ months, you are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.

    ☐ (a)(ii) (home detention) for a period of __ months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer.

    ☐ (a)(iii) (curfew) for a period of __ months, you are restricted to your residence every day.

    ☐ from the times directed by the probation officer; or ☐ from __ to __.

    ☐ (b) your compliance with this condition, as well as other court-imposed conditions of supervision, shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and you shall abide by all technology requirements.

    ☐ (c) you shall pay all or part of the cost of the location monitoring, at the daily contractual rate, if you are financially able to do so.

☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

☐ (21) (deportation): you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not remain in or enter the United States without obtaining, in advance, the express written consent of the United States Attorney General or the United States Secretary of the Department of Homeland Security.

☒ (22) you shall satisfy such other special conditions as ordered below.

☐ (23) You shall submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

☐ (24) Other:

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 5 of 8

DEFENDANT: RISHI SHAH
CASE NUMBER: 1:19-CR-00864(1)

- ☐ (1) if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.
- ☐ (2) you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.
- ☒ (3) you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the probation office until gainfully employed. The total amount of community service required over your term of service shall not exceed 300 hours.
- ☐ (4) you shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.
- ☒ (5) you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.
- ☒ (6) you shall provide a probation officer with access to any requested financial information requested by the probation officer to monitor compliance with conditions of supervised release.
- ☒ (7) within 72 hours of any significant change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments, you must notify the probation officer of the change.
- ☒ (8) you shall file accurate income tax returns and pay all taxes, interest, and penalties as required by law.
- ☐ (9) you shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications.
  - ☐ You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access and to which the probation officer has legitimate access by right or consent. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software.
  - ☐ The cost of the monitoring shall be paid by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment.
  - ☐ You shall not possess or use at any location (including your place of employment), any computer, external storage device, or any device with access to the Internet or any online computer service without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system
  - ☐ You shall not possess any device that could be used for covert photography without the prior approval of a probation officer.
  - ☐ You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2),** regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.
  - ☐ You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, and you shall not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact
  - ☐ This condition does not apply to your family members:        [Names]
  - ☐ Your employment shall be restricted to the judicial district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment, you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity. You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider.
  - ☐ You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested.
  - ☐ You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release                                                                                      Judgment – Page 6 of 8

DEFENDANT: RISHI SHAH
CASE NUMBER: 1:19-CR-00864(1)

☒ (10)    you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

☒ (11)    you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.

☐ (12)    you shall pay to the Clerk of the Court $_____ as repayment to the United States of government funds you received during the investigation of this offense. (The Clerk of the Court shall remit the funds to _____ (list both Agency and Address.)

☒ (13)    if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

☐ (14)    You shall observe one Reentry Court session, as instructed by your probation officer.

☐ (15)    Other: _____

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment – Page 7 of 8

DEFENDANT: RISHI SHAH
CASE NUMBER: 1:19-CR-00864(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $1,900.00 | TBD | $.00 | $.00 | $.00 |

☒ The determination of restitution is deferred until a restitution hearing takes place. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the          .

☐ the interest requirement for the          is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

DEFENDANT:  RISHI SHAH
CASE NUMBER:  1:19-CR-00864(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of $1,900.00 due immediately.

    ☐  balance due not later than     , or

    ☒  balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal   *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal   *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within    *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties: you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings**.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several with co-defendants Shradha Agarwal and Brad Purdy, amount TBD.

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|

\*\*See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.\*\*

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States: See attached Amended Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)                    No. 19 CR 864-1
v.                        )
)                    Judge Thomas M. Durkin
RISHI SHAH                )

## AMENDED PRELIMINARY ORDER OF FORFEITURE

On motion of the United States, this Court previously entered a Preliminary Order of Forfeiture (Doc. #622) with respect to Defendant Rishi Shah. The United States now asks this Court to issue an amended preliminary order of forfeiture pursuant to of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2 to correct certain errors and update the Preliminary Order of Forfeiture and to execute a stipulation reached by the parties as to certain funds previously released to Defendant Shah under this Court's orders. Defendant Shah preserves the objections previously raised to the entry of the original Preliminary Order of Forfeiture, which the Court addressed in its prior Order (Doc. #580), but does not further object to the form of this order in light of the Court's ruling.

(a)     On November 21, 2019, a superseding indictment was returned charging RISHI SHAH with mail fraud, in violation of Title 18, United States Code, Section 1341 (Counts 1, 2, 4, 11, 23, and 25); wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts 5, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 26),

and bank fraud, in violation of Title 18, United States Code, Section 1344 (Counts 9 and 13).

(b)     The superseding indictment sought forfeiture to the United States of any and all right, title and interest defendant RISHI SHAH may have in any property which constitutes and is derived from proceeds traceable to the charged mail and wire fraud offenses, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and any property which constitutes and is derived from proceeds obtained, directly or indirectly as to the bank fraud offenses, as provided in Title 18, United States Code, Section 982(a)(2)(A).

(c)     Beginning on January 24, 2023, a jury trial was held before this Court.

(d)     On April 11, 2023, the jury returned a verdict of guilty against defendant RISHI SHAH on Counts 1, 2, 4, 5, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 24, 25, and 26 of the superseding indictment, thereby making certain property subject to forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

(e)     Defendant RISHI SHAH waived his right to have the forfeiture allegations in the superseding indictment considered by the jury. It was agreed instead that this Court would consider the issues relating to the forfeiture.

(f)     The government is entitled to entry of a personal money judgment in the amount of $55,000,000 against SHAH, which represents proceeds traceable to the offenses.

(g)    The government is further entitled to the forfeiture of specific property listed in Exhibit A to the United States, as property which represents proceeds defendant obtained as a result of the fraud offenses of conviction. The property is to be applied in partial satisfaction of the personal money judgment.

(h)    The government is further entitled to the forfeiture of substitute property listed in Exhibit B to the United States, to be applied in partial satisfaction of the personal money judgment.

(i)    In addition, the parties have entered into a Stipulation in which Mr. Shah has agreed to forfeit $1.5 million to the United States as substitute property, in exchange for the Government's agreement not to pursue other funds released to Mr. Shah under this Court's prior orders. That $1.5 million is identified in paragraph xx of Exhibit B.

(j)    Because of the defendant's conviction of the above violations, funds in the amount of $55,000,000 are subject to forfeiture as property which constitutes and is derived from proceeds traceable to the violations of conviction, and the property is therefore subject to forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c). Furthermore, because of the defendant's conviction of the mail, wire, and bank fraud violations, the foregoing property is subject to forfeiture as property which constitutes and is derived from proceeds obtained as result of the violations of conviction, and are therefore subject to forfeiture pursuant to the provisions of Title

18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

(k)     The United States requests that this Court enter a personal money judgment in the amount of $55,000,000, and further enter a preliminary order of forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), forfeiting all right, title, and interest defendant RISHI SHAH has in the foregoing property, as property constituting and derived from proceeds of the violations of conviction as charged in the indictment.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.      A judgment is entered against RISHI SHAH in the amount of $55,000,000 (the "$55 million money judgment").

2.      Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest RISHI SHAH may have in the property listed in Exhibit A, is hereby forfeit to the United States of America for disposition according to law as which constitutes and is derived from proceeds obtained as result of the violations of conviction.

3.      Further, the property listed in Exhibit A and Exhibit B is hereby restrained, and forfeit to the United States of America, up to the value of the $55 million money judgment, though at this time the Court will not order the seizure and liquidation of the property in Exhibit B. If the government obtains authority to seize

and liquidate any property in Exhibit B and in fact liquidates such property, it will be applied in partial satisfaction of the $55 million money judgment.

4. Pursuant to the provisions of Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), upon entry of this preliminary order of forfeiture, United States Marshals Service, Federal Bureau of Investigation, or any other authorized law enforcement agency, shall seize and take custody of the property listed in Exhibit A for disposition according to law, and shall post notice of the forfeiture at the subject real property located at 924-926 N. Clark Street, Chicago, Illinois 60610.

4. Specifically, at the direction of representatives of the United States Department of Justice, including the United States Attorney's Office for the Northern District of Illinois, the Fraud Section, and the United States Marshals Service, the property and accounts listed in Exhibit A shall be liquidated and distributed to the United States.

5. Further, pursuant to the provisions of Title 21, United States Code, Section 853(n)(1), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the subject property according to law. The United States may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture,

including but not limited to: BLG RES LLC, Chicago Title Land Trust Company, the Cook County Treasurer's Office, and AA Service Company.

6. Further, pursuant to the provisions of Title 21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), if, following notice as directed by this Court and Title 21, United States Code, Section 853(n)(1), any person, other than the defendant, asserts a legal interest in the subject property that has been ordered forfeited to the United States within thirty days of the final publication of notice or this receipt of notice under paragraph 5, whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury.

7. Following the Court's disposition of all third party interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture as to the subject property which shall vest clear title in the United States of America.

8. If by any act or omission on the part of defendant RISHI SHAH, funds in the amount of $55,000,000 cannot be located to satisfy the forfeiture judgment, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), the United States has the authority to forfeit substitute assets up to the amount of the outstanding balance to satisfy the money judgment entered by this Court.

9.      Should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment according to law.

10.      Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant RISHI SHAH and included in any judgment and commitment order entered in this case against him.

11.      The government shall provide notice of this order to the entities referenced in Exhibits A and B.

12.      This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

THOMAS M. DURKIN
United States District Court Judge

Dated:  6/18/2024

Exhibit A

(a) All right, title and interest in 7Wire Ventures Fund LP, regardless of whether such interest is held in cash, stock or otherwise, held in the name of Jumpstart Ventures II, LLC that was acquired by or exchanged for $280,000 in capital contributions submitted on or around January 5, 2017, and $60,000 in capital contributions submitted on or around May 31, 2018, plus any appreciation on that right, title and interest;

(b) the property located at 924-926 N. Clark Street, Chicago, Illinois 60610 and legally described as:

> LOT 6 (EXCEPT THE SOUTH 23.00 FEET THEREOF) AND ALL OF LOTS 7 AND 8 IN SUBDIVISION OF THE SOUTH HALF (EXCEPT THE WEST 171.25 FEET THEREOF) OF BLOCK 11 BUSHNELLS'S ADDITION TO CHICAGO IN SECTION 4, TOWHHSIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT ENTITLED "PLAT OF SUBDIVISION CONTINUED OF THE SOUTH HALF OF BLOCK 11 IN BUSHNELL'S ADDITION RECORDED IN THE RECORDER'S OFFICE OF COOK COUNTY, ILLINOIS IN BOOK 12 OF PLATS PAGE 68 AS DOCUMENT 143621, IN COOK COUNTY, ILLINOIS.

> PIN: 17-04-431-014-0000;

(c) All right, title and interest in AP 100 W Huron Investors, LLC, or any successor entity, held in the name of Gravitas Holdings, LLC, that was 17.747958% of 100 W Huron Investors, LLC on or about October 10, 2017, acquired by $2,537,695 from Gravitas Holdings, LLC and RISHI SHAH, on or about that same date, plus any appreciation on that right, title and interest;

(d) All right, title and interest in Eight Partners VC Fund I, LP held in the name of Jumpstart Ventures II, LLC, that was acquired by or exchanged for $175,000 in capital contributions submitted between approximately July 15, 2016 and June 14, 2017, and $15,000 in capital contributions submitted on or about April 24, 2018, plus any appreciation on such right, title and interest;

(e) All right, title and interest in Guild Capital and investments made by Guild Capital, held in the name of or for the benefit of Gravitas Holdings, LLC and Jumpstart Ventures II, LLC, that were acquired by or exchanged for $75,000 in capital contributions submitted on or about August 12, 2016, and $475,000 in capital contributions submitted between approximately August 1, 2017, and November 27, 2018, plus any appreciation on such right, title and interest;

(f) All right, title and interest in Healthx Ventures Fund, held in the name of Jumpstart Ventures II LLC, Gravitas Holdings, LLC, and RISHI SHAH that

Exhibit A

was acquired by or exchanged for $22,000 in capital contributions submitted on or about October 27, 2016, and $12,000 in capital contributions submitted on or about May 2, 2018, plus any appreciation on that right, title and interest;

(g)     All right, title and interest in Institutional Venture Partners XVI, LP, and in Institutional Venture Partners XV, LP, held in the name of Gravitas Holdings, LLC and Jumpstart Ventures II LLC, that was acquired by or exchanged for $80,000 in capital contributions submitted on or around January 5, 2017, and $1,800,000 in capital contributions submitted between approximately March 2, 2018, and July 9, 2019, plus any appreciation on that right, title and interest;

(h)     All right, title and interest in L Squared Capital Management, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $35,000 in capital contributions submitted on or around January 5, 2017, and $303,045 in capital contributions submitted between approximately September 27, 2017, and July 17, 2019, plus any appreciation on such right, title and interest;

(i)     All right, title and interest in L Squared Capital Partners II, LLC, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,235,621 in capital contributions submitted between approximately June 2, 2017, and July 18, 2017, plus any appreciation on that right, title and interest;

(j)     All right, title and interest in Leerink Transformation Fund I, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,980,631 in capital contributions submitted between July 28, 2017, and July 1, 2019, plus any appreciation on that right, title and interest, including $3,642,189 seized by the government on or about September 30, 2021, currently held in a United States Marshals Service escrow account, plus any appreciation on those funds;

(k)     All right, title and interest in Leerink Transformation Partners, LTP BHE LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $319,489 in capital contributions submitted on or about June 28, 2019, plus any appreciation on that right, title and interest;

(l)     All right, title and interest in Monarch Capital Partners IV, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $1,526,821.96 in capital contributions submitted between approximately May 9, 2019, and July 25, 2019, plus any appreciation on that right, title and interest, including $1,223,066.35 currently held in a United States Marshals Service escrow account, plus any appreciation on those funds;

Exhibit A

(m) All right, title and interest in approximately 60,053 shares of Series A2 Preferred Stock of Swipesense, which were converted into interest in SC Johnson, held in the name of Jumpstart Ventures II, LLC; 90,425 shares of Series B3 Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC,; 252,045 shares of Series B4 Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC; and 361,702 shares of Series B Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC and Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest;

(n) All right, title and interest in Valor Equity Partners IV, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,222,238 in capital contributions submitted on or about August 14, 2017, plus any appreciation on that right, title and interest;

(o) $7,461,413.17 in Account XAZ006290 and all linked accounts at Pershing, LLC, held in the name of Gravitas Holdings, LLC, including, but not limited to, Accounts XEJ006076, XEJ006159, XEJ003123, XA6063129, XEJ007090, and XEJ007108, plus any appreciation on those funds;

(p) All right, title and interest in approximately 3,291 shares of common stock of Instructure, Inc., held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest;

(q) All right, title and interest in Boom Train, currently known as Zeta Global Holdings Corp, held in the name of Gravitas Holdings, LLC, Jumpstart Ventures II LLC, and RISHI SHAH that was acquired by or exchanged for $18,161 in capital contributions on or about January 5, 2017, plus any appreciation on that right, title and interest;

(r) All right, title and interest in I2A Ventures SPV held in the name of Jumpstart Ventures II, LLC that was acquired by, or exchanged for $1,000,000 in capital contributions submitted on or about May 9, 2016, plus any appreciation on those funds;

(s) All right, title and ownership in Chicago Ventures Founders Fund LP held in the name of Jumpstart Ventures II, LLC that was acquired by, or exchanged for $100,000 in capital contributions submitted on or about June 28, 2016, plus any appreciation on that right, title and interest, including $329,933.80[1] currently held in a United States Marshals Service escrow account, plus any appreciation on those funds;

---

[1] Updated to include $14,152.26 that was previously listed in paragraph (r)

Exhibit A

(t)     All right, title, and interest in Diversified 321 N Clark, LLC, held by or in the name of Jumpstart Ventures II, LLC, that was acquired by, or exchanged for $200,000 in capital contributions submitted on or about August 8, 2016, plus any appreciation on that right, title and interest;

(u)     All right, title and interest in Greatpoint Ventures Innovation Fund, LP, held in the name of Jumpstart Ventures II LLC, that was acquired by or exchanged for $158,879 in capital contributions submitted between approximately August 8, 2016, and April 28, 2017, including 209 shares (38% of 549 shares) of Beyond Meat held in the name of Jumpstart Ventures II LLC, which were held in a Merrill Lynch account, plus any appreciation on that right, title, and interest;

(v)     All right, title and interest in MATH Venture Partners, LP held in the name of Jumpstart Ventures LLC, that was acquired by or exchanged for $45,000 in capital contributions submitted on or about October 11, 2016, plus any appreciation on that right, title and interest;

(w)     All right, title and interest in approximately 250,454 shares of Series Preferred AA stock of Silvervue, Inc., and 751,362 shares of common stock of Silvervue, Inc., held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest;

(x)     All right, title and interest in approximately 705,417 shares of Wisercare that was acquired by or exchanged for $250,000 on or about August 5, 2016, held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest;

(y)     Funds in the amount of $6,500,000 turned over to the government by Quinn Emanuel Urquhart & Sullivan LLP on or about July 7, 2020, currently held in a United States Marshals Service escrow account, plus any appreciation on those funds.

(z)     All right, title, and interest in Corazon Capital II, LP, held in the name of Jumpstart Ventures II, LLC that was acquired by or exchanged for $50,000 in capital contributions submitted on or about January 5, 2017, plus any appreciation on that right, title and interest, including $38,923.25 currently held in a United States Marshals Service escrow account, plus any appreciation on those funds;

(aa)    All right, title and interest in Impact Engine IV, LLC, held in the name of Rishi Shah, Shradha Agarwal, Brad Purdy, Gravitas Holdings, LLC, and Jumpstart Ventures LLC, that was acquired or exchanged for $35,000 in capital contributions, plus any appreciation on that right title and interest, and

Exhibit A

(bb)    All right, title and interest in Institutional Venture Partners XV, LP held in the name of Jumpstart Ventures, LLC and/or Gravitas Holdings, LLC, that was acquired by, or exchanged for $40,000 in capital contributions submitted on or about July 15, 2016, plus any appreciation on those funds.

Exhibit B

i.   All right, title, and interest in 7Wire Ventures Fund, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $60,000 and $280,000 in capital contributions (plus any appreciation) directly forfeitable;

ii.  All right, title, and interest in Eight Partners VC Fund I, LP, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $15,000 and $175,000 in capital contributions (plus any appreciation) directly forfeitable;

iii. All right, title, and interest in Guild Capital and investments made by Guild Capital, held by or in the name of Gravitas Holdings, LLC or Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $475,000 and $75,000 in capital contributions (plus any appreciation) directly forfeitable;

iv.  All right, title, and interest in Healthx Ventures Fund held by or in the name of RISHI SHAH, Gravitas Holdings, LLC, or Jumpstart Ventures II LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $12,000 and $22,000 in capital contributions (plus any appreciation) directly forfeitable;

v.   All right, title, and interest in Institutional Venture Partners XVI, LP, and in Institutional Venture Partners XV, LP, held by or in the name of RISHI SHAH, Gravitas Holdings, LLC, or Jumpstart Ventures II LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $1,800,00000, $80,000 and $200,000 in capital contributions (plus any appreciation) directly forfeitable;

vi.  All right, title, and interest in L Squared Capital Management, LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $303,045.00 in capital contributions (plus any appreciation) directly forfeitable;

vii. All right, title, and interest in L Squared Capital Partners II, LLC and L Squared Capital Partners II, LLC – Series Oracle, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $2,235,621.00 in capital contributions (plus any appreciation) directly forfeitable;

viii. All right, title, and interest in Leerink Transformation Partners – LTD BHE LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $319,489.00 in capital contributions (plus any appreciation) directly forfeitable;

ix. All right, title, and interest in Monarch Capital Partners IV, LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $1,526,821.96 in capital contributions (plus any appreciation) directly forfeitable;

x. All right, title, and interest in Swipesense, Inc., converted into interests in SC Johnson, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the 60,053 shares of Series A2 Preferred Stock directly forfeitable, less the 90,425 shares of Series B3 Preferred Stock directly forfeitable, less the 252,045 shares of Series B4 Preferred Stock directly forfeitable, and less the 361,702 shares of Series B Preferred stock, converted into interest in SC Johnson, (plus any appreciation) directly forfeitable;

xi. All right, title, and interest in Account XAZ006290 and all linked accounts at Pershing, LLC, held in the name of Gravitas Holdings, LLC, including, but not limited to, Accounts XEJ006076, XEJ006159, XEJ003123, XA6063129, XEJ007090, and XEJ007108, plus any appreciation on such right, title and interest, less the $7,461,413.17 (plus any appreciation) directly forfeitable;

xii. All right, title, and interest in Boom Train, currently known as Zeta Global Holdings Corp, held by or on behalf of RISHI SHAH, Gravitas Holdings, LLC, and Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $18,161 in capital contributions (plus any appreciation) directly forfeitable;

xiii. All right, title, and interest in I2A Fund II LLC, held by or in the name of Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $1,000,000 in capital contributions (plus any appreciation) directly forfeitable;

xiv. All right, title, and interest in Chicago Ventures Founders Fund LP, held by or in the name of Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $100,000 in capital contributions (plus any appreciation) directly forfeitable;

xv. All right, title, and interest in Diversified 321 N Clark, LLC, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $200,000 in capital contributions (plus any appreciation) directly forfeitable;

xvi. All right, title, and interest in Greatpoint Ventures Innovation Fund, LP, held by or in the name of Jumpstart Ventures II, LLC, including 340 shares of Beyond Meat, which were held in a Merrill Lynch account, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $158,879.00 in capital contributions and 209 shares of Beyond Meat (plus any appreciation) directly forfeitable;

xvii. All right, title, and interest in MATH Venture Partners, LP, held in the name of Jumpstart Ventures LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $45,000 in capital contributions (plus appreciation) directly forfeitable;

xviii. All right, title and interest in Corazon Capital II, LLC, held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest, less the right, title and interest that was acquired by or exchanged for $50,000 in capital contributions (plus any appreciation) directly forfeitable;

xix. All right, title and interest in Impact Engine IV, LLC, held in the name of Gravitas Holdings, LLC, Jumpstart Ventures II LLC and RISHI SHAH, plus any appreciation on that right, title and interest, less the right, title and interest that was acquired by or exchanged for $35,000 in capital contributions (plus any appreciation) directly forfeitable;

xx. All right, title and interest in $1.5 million in funds held in a client trust account at the Bryan Cave Leighton Paisner law firm for credit to RISHI SHAH; and

xxi. All right, title and interest in Institutional Venture Partners XV, LP held in the name of Jumpstart Ventures, LLC and/or Gravitas Holdings, LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $40,000 in capital contributions (plus any appreciation) directly forfeitable.

APPEAL,ON BOND,PROTO,TERMED

**United States District Court**
**Northern District of Illinois − CM/ECF NextGen 1.7.1.1 (Chicago)**
**CRIMINAL DOCKET FOR CASE #: 1:19−cr−00864−1**
*Internal Use Only*

Case title: USA v. Desai

Date Filed: 11/14/2019

Date Terminated: 07/01/2024

Assigned to: Honorable Thomas
M. Durkin

**Defendant (1)**

**Rishi Shah**
*TERMINATED: 07/01/2024*

represented by **Katie McKenzie Anderson**
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Ave., 22nd Floor
New York City, NY 10010
(312) 560−4044
Email: mckenzieanderson@quinnemanuel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Richard Finneran**
Bryan Cave Leighton Paisner LLP
211 N. Broadway, Suite 3600
63102−2726
Saint Louis, MO 63105
314−308−2297
Email: richard.finneran@bclplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**William Anthony Burck**
Quinn Emanuel Urquhart & Sullivan
1300 I Street NW
Suite 900
Washington, DC 20005
202−538−8000
Email: williamburck@quinnemanuel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Christopher T Grohman**
Benesch Friedlander Coplan & Aronoff LLP
71 S. Wacker Drive
Ste. 1600
Chicago, IL 60606
312−212−4943
Email: cgrohman@beneschlaw.com
*TERMINATED: 07/31/2023*
*Designation: Retained*

**Haoxiaohan Helen Cai**
Hueston Hennigan LLP
523 W. 6th Street

Ste 400
Los Angeles, CA 90014
213−788−4340
Email: hcai@hueston.com
*TERMINATED: 06/21/2022*
*PRO HAC VICE*
*Designation: Retained*

**John C Hueston**
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
(949) 229−8640
Email: jhueston@hueston.com
*TERMINATED: 07/31/2023*
*PRO HAC VICE*
*Designation: Retained*

**Jonathan Christian Bunge**
Quinn Emanuel Urquhart & Sullivan LLP
191 N. Wacker Drive
Suite 2700
Chicago, IL 60606
United Sta
312−705−7400
Email: jonathanbunge@quinnemanuel.com
*TERMINATED: 06/30/2020*
*Designation: Retained*

**Karen Ding**
Hueston Hennigan LLP
523 W. 6th St.
Suite 400
Los Angeles, CA 90014
(213) 788−4340
Email: kding@hueston.com
*TERMINATED: 07/31/2023*
*PRO HAC VICE*
*Designation: Retained*

**Michael Hayes Todisco**
HUESTON HENNIGAN LLP
523 W 6th St Ste 400
Los Angeles, CA 90014
(213) 788−0434
Email: mtodisco@hueston.com
*TERMINATED: 07/31/2023*
*PRO HAC VICE*
*Designation: Retained*

**Spencer M. Schmider**
Hueston Hennigan LLP
523 West 6th Street, Suite 400
Ste 400
Los Angeles, CA 90014
213−788−4268
Email: sspencer@hueston.com
*TERMINATED: 07/31/2023*
*PRO HAC VICE*
*Designation: Retained*

**Vadim A. Glozman**
Law Offices of Vadim A. Glozman
53 W. Jackson Blvd.
Suite 1150

Chicago, IL 60604
312−726−9015
Email: vg@glozmanlaw.com
*ATTORNEY TO BE NOTICED*

**Vicki Chou**
HUESTON HENNIGAN LLP
523 W 6th St Ste 400
Los Angeles, CA 90014
(213) 788−4340
Email: vchou@hueston.com
*TERMINATED: 07/31/2023*
*PRO HAC VICE*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| FRAUDS AND SWINDLES (1) | The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments. |
| FRAUDS AND SWINDLES (2) | The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments. |
| FRAUDS AND SWINDLES (4) | The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments. |

| | |
|---|---|
| FRAUD BY WIRE, RADIO, OR TELEVISION (5) | The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments. |
| BANK FRAUD (9) | The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments. |
| BANK FRAUD (10) | The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments. |
| FRAUDS AND SWINDLES (11) | The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments. |
| BANK FRAUD (12) | The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any |

remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

BANK FRAUD
(13)

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

FRAUD BY WIRE, RADIO, OR TELEVISION
(14)

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

FRAUD BY WIRE, RADIO, OR TELEVISION
(15)

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

FRAUD BY WIRE, RADIO, OR TELEVISION
(16)

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be

imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

FRAUD BY WIRE, RADIO, OR TELEVISION (17)

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

FRAUD BY WIRE, RADIO, OR TELEVISION (18)

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

FRAUD BY WIRE, RADIO, OR TELEVISION (19)

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

FRAUD BY WIRE, RADIO, OR TELEVISION (22)

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service

of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

**FRAUD BY WIRE, RADIO, OR TELEVISION (24)**

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

**FRAUDS AND SWINDLES (25)**

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

**FRAUD BY WIRE, RADIO, OR TELEVISION (26)**

The Defendant was found guilty on count(s) 1,2,4,5,9−19,22, and 24−26 of the Superseding Indictment after a plea of not guilty. Count(s) any remaining dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 90 months as to counts 1,2,4,5,9−19, 22, and 24−26. Terms to run concurrently. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00pm on 9/26/2024. Upon release from imprisonment, you shall be on supervised release for a term of: three (3) years as to counts 1,2,4,5,9−19,22 and 24−26, terms to run concurrently. Criminal Monetary Penalties. Schedule of Payments.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

**Disposition**

**FRAUD BY WIRE, RADIO, OR TELEVISION (20)**

Count(s) any remaining dismissed on the motion of the United States.

| | |
|---|---|
| FRAUD BY WIRE, RADIO, OR TELEVISION (21) | Count(s) any remaining dismissed on the motion of the United States. |
| FRAUDS AND SWINDLES (23) | Count(s) any remaining dismissed on the motion of the United States. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Corey B. Rubenstein**<br>United States Attorney's Office (NDIL −<br>Chicago)<br>219 South Dearborn Street<br>Chicago, IL 60604<br>(312) 353−8880<br>Email: Corey.Rubenstein@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **AUSA − Chicago**<br>United States Attorney's Office (NDIL −<br>Chicago)<br>219 South Dearborn Street<br>Chicago, IL 60604<br>Email: USAILN.ECFAUSA@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |
| | | **Pretrial Services**<br>.<br>(312) 435−5793<br>Email: ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Pretrial Services* |
| | | **Probation Department**<br>.<br>408−5197<br>Email: Intake_Docket_ILNP@ilnp.uscourts.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Probation Department* |
| | | **Jason A. Yonan**<br>United States Attorney's Office (NDIL −<br>Chicago)<br>219 South Dearborn Street<br>Chicago, IL 60604<br>(312) 353−0708<br>Email: Jason.Yonan@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |
| | | **Kyle Conrad Hankey**<br>U.S. Department of Justice, Criminal Division,<br>Fraud Section |

Case: 1:19-cr-00864 Document #: 820 Filed: 07/18/24 Page 37 of 50 PageID #:30158

1400 New York Avenue NW
Washington, DC 20530
(202) 616−2639
Email: kyle.hankey@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Matthew Francis Madden**
United States Attorney's Office (NDIL −
Chicago)
219 South Dearborn Street
Chicago, IL 60604
(312) 886−2050
Email: matthew.madden@usdoj.gov
*TERMINATED: 02/09/2024*
*Designation: Assistant US Attorney*

**Saurish Appleby−Bhattacharjee**
Bryan Cave Leighton Paisner LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
312−602−5000
Email: saurish.applebybhattacharjee@bclplaw.com
*TERMINATED: 08/30/2023*
*Designation: Assistant US Attorney*

**William R. Hogan , Jr.**
United States Attorney's Office (NDIL −
Chicago)
219 South Dearborn Street
Chicago, IL 60604
(312) 353−5300
Email: william.hogan@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**William E Johnston**
DOJ−Crm
Bird, Marella, Rhow, Lincenberg, Drooks &
Nessim, LLP
1875 Century Park East
Ste 23rd Floor
Los Angeles, CA 90067
310−201−2100
Email: wjohnston@birdmarella.com
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2019 | 14 | SUPERSEDING INDICTMENT as to Rishi Shah (1) count(s) 1−2, 4, 5, 9, 10, 11, 12, 13, 14−22, 23, 24, 25, 26, Shradha Agarwal (2) count(s) 1−2, 4, 9, 11, 13, 14−18, 20, 22, 23, 24, 25, 26, Brad Purdy (3) count(s) 1−2, 3, 4, 7, 8, 9, 11, 13, 21−22, 23, 24, 25, 26, Ashik Desai (4) count(s) 6s (sxb, ) (Entered: 11/26/2019) |
| 11/21/2019 | 15 | (Court only) UNREDACTED (SEALED) SUPERSEDING INDICTMENT as to defendants Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai (sxb, ) (Entered: 11/26/2019) |
| 11/21/2019 | 16 | DESIGNATION Sheet: FELONY (Category 3). (sxb, ) (Entered: 11/26/2019) |
| 11/21/2019 | 17 | MINUTE entry before the Honorable Jeffrey Cole as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy: Bond will be determined at arraignment as to all defendants. The District Court Clerks Office is directed to disclose to the Assistant |

| | | |
|---|---|---|
| | | U.S. Attorney assigned to this case for the government, the name of the judge, magistrate judge, and the docket number assigned to this case, in order to expedite the arraignment of the defendants. This information is to remain sealed until further order of the court. (sxb, ) (Entered: 11/26/2019) |
| 11/21/2019 | 18 | MOTION by USA to reorder defendants in the indictment as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (sxb, ) (Entered: 11/26/2019) |
| 11/21/2019 | 20 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Signed by the Honorable Jeffrey Cole on 11/21/2019. Mailed notice. (sxb, ) (Entered: 11/26/2019) |
| 11/22/2019 | 27 | SEALED ORDER Signed by the Honorable Thomas M. Durkin on 11/22/2019. (cc, ) (Entered: 11/26/2019) |
| 11/22/2019 | 28 | SEALED ORDER Signed by the Honorable Thomas M. Durkin on 11/22/2019. (cc, ) (Entered: 11/26/2019) |
| 11/22/2019 | 29 | SEALED Document (cc, ) (Entered: 11/26/2019) |
| 11/22/2019 | 30 | SEALED ORDER Signed by the Honorable Thomas M. Durkin on 11/22/2019. (cc, ) (Entered: 11/26/2019) |
| 11/25/2019 | 21 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy: The Court GRANTS the government's motion to unseal the superseding indictment in this case. Signed by the Honorable Thomas M. Durkin on 11/25/2019. Mailed notice. (sxb, ) (Entered: 11/26/2019) |
| 11/26/2019 | 26 | NOTICE of Arraignment as to Rishi Shah, Shradha Agarwal, Brad Purdy before the Honorable Jeffrey Cummings on 12/9/2019 at 2:30 PM. (sxb, ) (Entered: 11/26/2019) |
| 11/29/2019 | 31 | SEALED MOTION by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 11/29/2019) |
| 11/29/2019 | 32 | NOTICE of Motion by Matthew Francis Madden for presentment of sealed motion 31 before Honorable Thomas M. Durkin on 12/4/2019 at 09:00 AM. (Madden, Matthew) (Entered: 11/29/2019) |
| 12/02/2019 | 33 | MINUTE entry before the Honorable Thomas M. Durkin:Government's sealed motion 31 is granted as to Rishi Shah, Shradha Agarwal, Brad Purdy, and Ashik Desai. No appearance is required on 12/3/2019. Mailed notice (srn, ) (Entered: 12/02/2019) |
| 12/02/2019 | 34 | SEALED ORDER Signed by the Honorable Thomas M. Durkin on 12/2/19. (cc, ) (Entered: 12/03/2019) |
| 12/05/2019 | 35 | ATTORNEY Appearance for USA byKyle Conrad Hankey (Hankey, Kyle) (Entered: 12/05/2019) |
| 12/06/2019 | 37 | MOTION by USA for protective order as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy *governing discovery (Unopposed)* (Madden, Matthew) (Entered: 12/06/2019) |
| 12/06/2019 | 38 | NOTICE of Motion by Matthew Francis Madden for presentment of motion for protective order 37 before Honorable Thomas M. Durkin on 12/11/2019 at 09:00 AM. (Madden, Matthew) (Entered: 12/06/2019) |
| 12/06/2019 | 39 | MINUTE entry before the Honorable Jeffrey Cummings:Per defense counsel's request, the arraignment date of 12/9/19 for defendants Rishi Shah (1) and Shradha Agarwal (2) is stricken and reset for 12/16/2019 at 09:15 a.m. in courtroom 1350. The arraignment date of 12/9/19 for defendant, Brad Purdy (3) remains unchanged. In the interest of justice and without objection from defendants, time is excluded from 12/6/19 to and including 12/16/19. (rbf, ) (Entered: 12/06/2019) |
| 12/09/2019 | 40 | PROTECTIVE Order. Government's unopposed motion for protective order 37 is granted as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai. No appearance is required on 12/11/2019. Signed by the Honorable Thomas M. Durkin on 12/9/2019.Mailed notice (srn, ) (Entered: 12/09/2019) |
| 12/12/2019 | 49 | SEALED MOTION by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 12/12/2019) |

| 12/12/2019 | 50 | SEALED Document (Madden, Matthew) (Entered: 12/12/2019) |
|---|---|---|
| 12/12/2019 | 52 | SEALED WARRANT Returned EXECUTED (Madden, Matthew) (Entered: 12/12/2019) |
| 12/13/2019 | 53 | PRETRIAL Bail Report as to Rishi Shah (SEALED) (Brzezinska, Daisy) (Entered: 12/13/2019) |
| 12/13/2019 | 57 | ATTORNEY Appearance for defendant Rishi Shah by Jonathan Christian Bunge *for limited purposes* (Bunge, Jonathan) (Entered: 12/13/2019) |
| 12/13/2019 | 58 | MOTION by Rishi Shah for leave to appear Limited *Unopposed* Attorney: William A. Burck & Jonathan C. Bunge. (Bunge, Jonathan) (Entered: 12/13/2019) |
| 12/13/2019 | 59 | NOTICE of Motion by Jonathan Christian Bunge for presentment of motion to appear 58 before Honorable Jeffrey Cummings on 12/16/2019 at 09:15 AM. (Bunge, Jonathan) (Entered: 12/13/2019) |
| 12/16/2019 | 61 | ORDER as to Rishi Shah: Initial appearance proceedings held. Defendant having self−surrendered appears on 12/16/19. Defendant informed of his rights. Defendant's unopposed motion to enter limited appearances of Jonathan Bunge and Williams A. Burck 58 . Attorney Jonathan Bunge appears as counsel for defendant. Defendant informed of the charges against him as well as of the possible sentence/fine if convicted of those charges. Arraignment proceedings held. Defendant acknowledges receipt of the superseding indictment; waives formal reading and enters a plea of not guilty to each count in which he is named. Rule 16.1 (a) conference to be held by 1/6/20. Status hearing before Judge Durkin set for 1/23/20 at 9:00 a.m. In the interest of justice, time is excluded from 12/16/19 to and including 1/23/20 pursuant to 18 USC 3161 (h)(7) (B)(iv). The Government and defendant agree to certain conditions of release. Enter Order Setting Conditions of Release. Defendant, Brad Purdy (3) shall be released after processing by the United States Marshals Service. Signed by the Honorable Jeffrey Cummings on 12/16/2019. Mailed notice (ph, ). (Entered: 12/17/2019) |
| 12/16/2019 | 62 | ENTERED IN ERROR (ph, ) Modified on 12/17/2019 (ph, ). (Entered: 12/17/2019) |
| 12/16/2019 | 63 | APPEARANCE Secured Bond of Witness Bond as to Rishi Shah in the amount of $ 20,000,000.00, Receipt # 4624234959 for a property deed. (ph, ) (Entered: 12/17/2019) |
| 12/16/2019 | 64 | ORDER Setting Conditions of Release as to Rishi Shah in amount of $ 20,000,000.00, Secured Receipt # 4624234959 for a property deed. Signed by the Honorable Jeffrey Cummings on 12/16/2019. Mailed notice (ph, ) (Entered: 12/17/2019) |
| 12/16/2019 | 68 | FORFEITURE AGREEMENT by Rishi Shah. (ph, ) (Entered: 12/17/2019) |
| 12/16/2019 | 71 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy: Government's sealed motion is granted. 49 Enter Sealed Order. Signed by the Honorable Thomas M. Durkin on 12/16/19. Mailed notice (cc, ) (Entered: 12/17/2019) |
| 12/16/2019 | 72 | SEALED ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Signed by the Honorable Thomas M. Durkin on 12/16/2019. (cc, ) (Entered: 12/17/2019) |
| 12/17/2019 | 70 | NOTICE of Correction regarding 62 as to Rishi Shah. (ph, ) (Entered: 12/17/2019) |
| 12/18/2019 | 73 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16545638. (Adams, John) (Entered: 12/18/2019) |
| 12/19/2019 | 74 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16551740. (Attachments: # 1 Attachment A − Admitted Courts)(Burck, William) (Entered: 12/19/2019) |
| 01/03/2020 | 75 | MOTION for Leave to File Brief in Excess of Fifteen Pages (Attachments: # 1 Sealed Motion on behalf of Rishi Shah and Shradha Agarwal, # 2 Sealed Memorandum in Support of Motion, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8)(Bunge, Jonathan) Modified on 1/9/2020 (sxb, ). (Entered: 01/03/2020) |

| 01/03/2020 | 76 | SEALED Document (Bunge, Jonathan) (Entered: 01/03/2020) |
|---|---|---|
| 01/08/2020 | 77 | ORDER as to Rishi Shah, Shradha Agarwal: Motion hearing held on 1/8/2020. Defendants' unopposed motion for leave to file brief in excess of 15 pages 75 is granted. Government's response to defendants' motion to amend protective order and vacate seizure warrant is due by 1/22/2020. Defendants' response is due by 1/29/2020. The 1/23/2020 status hearing is vacated and reset to 2/12/2020 at 9:00 a.m. The Clerk is directed to unseal defendants' motion, docket #75. The Government is directed to turn over the hard drives to current counsel. In the interest of justice and without objection, time is excluded from today to and including 2/12/2020 under 18:3161(h)(1)(D) of the Speedy Trial Act. Signed by the Honorable Thomas M. Durkin on 1/8/2020. Mailed notice. (sxb, ) (Entered: 01/09/2020) |
| 01/16/2020 | 78 | TRANSCRIPT OF PROCEEDINGS as to Rishi Shah, Shradha Agarwal held on 1/8/20, before the Honorable Thomas M. Durkin. Motion hearing. Order Number: 37454. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/6/2020. Redacted Transcript Deadline set for 2/18/2020. Release of Transcript Restriction set for 4/15/2020. (Renke, Laura) (Entered: 01/16/2020) |
| 01/22/2020 | 79 | MOTION by USA for leave to file brief in excess of fifteen pages as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy *Unopposed Motion for Leave to File Response in Excess of 15 Pages* (Madden, Matthew) (Entered: 01/22/2020) |
| 01/22/2020 | 80 | RESPONSE by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy regarding MOTION 75 *Government's Response in Opposition to Defendants' Motion to Amend Protective Order and Vacate Seizure Warrant* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Hankey, Kyle) (Entered: 01/22/2020) |
| 01/24/2020 | 82 | MINUTE entry before the Honorable Thomas M. Durkin:By agreement of all parties, the 2/12/2020 status hearing is vacated and reset to 2/10/2020 at 9:00 a.m.as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy, Mailed notice (srn, ) (Entered: 01/24/2020) |
| 01/24/2020 | 83 | SEALED MOTION by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 01/24/2020) |
| 01/24/2020 | 84 | MINUTE entry before the Honorable Thomas M. Durkin:Government's sealed motion 83 is granted as to Rishi Shah, Shradha Agarwal, Brad Purdy, and Ashik Desai. Mailed notice (srn, ) (Entered: 01/27/2020) |
| 01/24/2020 | 85 | SEALED ORDER. Signed by the Honorable Thomas M. Durkin on 1/24/2020. (rp, ) (Entered: 01/28/2020) |
| 01/29/2020 | 86 | REPLY by Rishi Shah, Shradha Agarwal to MOTION 75 *to Amend Protective Order and Vacate Seizure Warrant* (Bunge, Jonathan) (Entered: 01/29/2020) |
| 01/31/2020 | 87 | MINUTE entry before the Honorable Thomas M. Durkin:as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. The Court requires additional briefing and evidence on two issues raised in Defendants' Motion to Amend Protective Order and Vacate Seizure Warrant [75−1]. First, Defendants need to address the monetary value of the rights they gave up as part of the 2018 agreement, namely their: (1) indemnification rights; (2) claims against the Investors, the Lenders, and the Company; (3) officer positions with the Company; and (4) ownership of the Company. Second, Defendants need to provide the Court with evidence establishing that they have a bona fide need for the funds. Defendants should file a brief of no more than 10 pages addressing these two issues by noon on February 7, 2020. The brief should be supported by affidavits and other documentary evidence. The Court will decide |

| | | |
|---|---|---|
| | | whether a response from the government is necessary at the hearing set for February 10, 2020. The Court will consider a motion for extension of time on these issues if necessary. Mailed notice (srn, ) (Entered: 01/31/2020) |
| 02/03/2020 | 88 | MINUTE entry before the Honorable Thomas M. Durkin:as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. The government is ordered to provide the Court with a document for in camera review naming the unidentified individuals referenced in the indictment and all the significant debt and equity investors who are not otherwise identified by a letter. Mailed notice (srn, ) (Entered: 02/03/2020) |
| 02/05/2020 | 89 | MOTION by Shradha Agarwal for extension of time as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Egan, Christina) (Entered: 02/05/2020) |
| 02/05/2020 | 90 | NOTICE of Motion by Christina M. Egan for presentment of motion for extension of time 89 before Honorable Thomas M. Durkin on 2/10/2020 at 09:00 AM. (Egan, Christina) (Entered: 02/05/2020) |
| 02/05/2020 | | (Court only) Case as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy no longer referred to Honorable Jeffrey Cummings. (rbf, ) (Entered: 02/05/2020) |
| 02/05/2020 | 91 | MINUTE entry before the Honorable Thomas M. Durkin:Defendants' motion for extension of time 89 is granted as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai. Defendants' additional briefing to their motion to amend protective order and vacate seizure warrant is due by 2/14/2020. The 2/10/2020 status hearing is vacated and reset for 2/20/2020 at 09:00 AM. Mailed notice (srn, ) (Entered: 02/05/2020) |
| 02/13/2020 | 92 | ATTORNEY Designation for USA of Saurish Appleby−Bhattacharjee (Appleby−Bhattacharjee, Saurish) (Entered: 02/13/2020) |
| 02/14/2020 | 93 | Brief by Rishi Shah, Shradha Agarwal as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai *Supplemental Memorandum in Support of Motion to Amend Protective Order and Vacate Seizure Warrant* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Egan, Christina) (Entered: 02/14/2020) |
| 02/19/2020 | 94 | RESPONSE by USA to brief, 93 (Attachments: # 1 Exhibit 1, # 2 Exhibit 1a, # 3 Exhibit 1b, # 4 Exhibit 1c, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 9a, # 14 Exhibit 10, # 15 Exhibit 11)(Madden, Matthew) (Entered: 02/19/2020) |
| 02/20/2020 | 95 | MINUTE entry before the Honorable Thomas M. Durkin:as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy, Status hearing held on 2/20/2020. Status hearing set for 3/20/2020 at 09:00 AM. Defendants' appearance is waived. Defendants have until 2/27/2020 to file any reply to the government's response 94 . In the interest of justice and without objection, time is excluded from today to and including 3/20/2020 under 18:3161(h)(7)(B)(iv) of the Speedy Trial Act. Mailed notice (srn, ) (Entered: 02/20/2020) |
| 02/20/2020 | 96 | APPEARANCE Bond as to Rishi Shah in the amount of $20,000,000.00, receipt #4624234959. (sxb, ) Modified on 2/21/2020 (sxb, ). (Entered: 02/20/2020) |
| 02/20/2020 | 97 | GOVERNMENT EXHIBIT 12 by USA as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai *TO GOVERNMENT'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO AMEND PROTECTIVE ORDER [Document #94]* (Madden, Matthew) (Entered: 02/20/2020) |
| 02/21/2020 | 98 | TRANSCRIPT OF PROCEEDINGS as to Rishi Shah, Shradha Agarwal, Brad Purdy held on 2/20/20, before the Honorable Thomas M. Durkin. Status hearing. Order Number: 37954. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | |
|---|---|---|
| | | Redaction Request due 3/13/2020. Redacted Transcript Deadline set for 3/23/2020. Release of Transcript Restriction set for 5/21/2020. (Renke, Laura) (Entered: 02/21/2020) |
| 02/25/2020 | 100 | MOTION by Rishi Shah, Shradha Agarwal for extension of time as to response, 94 (Bunge, Jonathan) (Entered: 02/25/2020) |
| 02/25/2020 | 101 | NOTICE of Motion by Jonathan Christian Bunge for presentment of motion for extension of time 100 before Honorable Thomas M. Durkin on 2/27/2020 at 09:00 AM. (Bunge, Jonathan) (Entered: 02/25/2020) |
| 02/26/2020 | 102 | MINUTE entry before the Honorable Thomas M. Durkin:Defendants' unopposed motion for extension of time to 3/5/2020 to file a response to the government's brief 94 is granted is granted as to Rishi Shah and Shradha Agarwal. 100 No appearance is required on 2/27/2020. Mailed notice (srn, ) (Entered: 02/26/2020) |
| 03/05/2020 | 103 | REPLY by Rishi Shah, Shradha Agarwal to response, 94 (Attachments: # 1 Ex. 1 − Affidavit of Kenneth Mathieu, # 2 Ex. 2 − Affidavit of Rishi Shah, # 3 Ex. 3 − 02/17/2020 Email from M. Madden to W. Burck, # 4 Ex. 4 − Affidavit of Kevin Lane, # 5 Ex. 5 − 12/23/2016 Credit Agreement)(Bunge, Jonathan) (Entered: 03/05/2020) |
| 03/12/2020 | 104 | MINUTE entry before the Honorable Thomas M. Durkin: On joint request, the 3/20/2020 status hearing is vacated and reset to 4/13/2020 at 9:00 a.m.as to Ashik Desai, Rishi Shah, Shradha Agarwal, and Brad Purdy. In the interest of justice and without objection time is excluded from 3/20/2020 to and including 4/13/2020 under 18:3161(h)(7)(B)(iv) of the Speedy Trial Act. Mailed notice (srn, ) (Entered: 03/12/2020) |
| 03/16/2020 | 105 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020. Mailed notice. (td, ) (Entered: 03/17/2020) |
| 03/17/2020 | 106 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy On March 17, 2020, Amended General Order 20−0012 was further revised for all criminal matters. Paragraph 3(i) of the Amended Order, related to criminal matters, is hereby replaced with the following language: All other criminal hearings of any kind scheduled from March 17, 2020 until April 3, 2020 are stricken from the calendar, to be re−set by the presiding judge for a date on or after April 6, 2020. Also, any other deadlines, including motions, briefing, and discovery deadlines, whether set by the court or by the Rules of Criminal Procedure or Local Rules, are hereby extended by 21 days from the current deadline set. This 21−day extension is subject to modification by the presiding judge assigned to the case. See attached order. Revisions appear in red text.Signed by the Honorable Rebecca R. Pallmeyer on 3/17/2020. Mailed notice. (tg, ) (Entered: 03/18/2020) |
| 03/30/2020 | 107 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy Seconded Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20−0012, entered on March 17, 2020, and General Order 20−0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020. Mailed notice. (docket16, ) (Entered: 03/31/2020) |
| 04/08/2020 | 108 | MEMORANDUM Opinion and Order as to Rishi Shah, Shradha Agarwal:Rishi Shah and Shradha Agarwal, have moved to amend the protective order to exclude money they transferred to their defense attorneys' accounts. See R. 75 ; R. 76 . They seek to use that money for their defense in this case. That motion is denied. Signed by the Honorable Thomas M. Durkin on 4/8/2020.Mailed notice (srn, ) (Entered: 04/08/2020) |
| 04/24/2020 | 109 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy Third Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must |

| | | |
|---|---|---|
| | | carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020. Mailed notice. (docket13, ) (Entered: 04/27/2020) |
| 04/29/2020 | 110 | MINUTE entry before the Honorable Thomas M. Durkin:as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. The parties shall provide a status report by 5/22/2020 discussing the following information: whether current defense counsel for defendants Desai and Shah are going to remain on the case or whether new counsel are going to enter an appearance, and if so, when; the status of discovery tendered or to be tendered by the government, a discussion of the length of any anticipated trial and when such a trial can be scheduled, keeping in mind that a lengthy trial needs to be scheduled well in advance. Mailed notice (srn, ) (Entered: 04/29/2020) |
| 05/22/2020 | 111 | STATUS REPORT by USA as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai (Madden, Matthew) (Entered: 05/22/2020) |
| 05/22/2020 | 112 | MINUTE entry before the Honorable Thomas M. Durkin:as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Defendants Rishi Shah and Shradha Agarwal are allowed until 6/30/2020 to retain counsel. No further extensions will likely be granted, as a number of important scheduling matters are being delayed because of this. Time is excluded to and including 6/30/2020 under 18:3161(h)(7)(B)(iv) of the Speedy Trial Act. A joint status report is due 6/30/2020. A telephone conference will be scheduled shortly after with counsel who will try the case to discuss a trial date and other matters raised relating to discovery. Mailed notice (srn, ) (Entered: 05/22/2020) |
| 05/26/2020 | 113 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy ORDER Fourth Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non−emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020. Mailed notice. (docket13, ) (Entered: 05/26/2020) |
| 06/30/2020 | 115 | STATUS REPORT by USA as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai (Madden, Matthew) (Entered: 06/30/2020) |
| 06/30/2020 | 116 | MOTION to withdraw as attorney as to Rishi Shah Jonathan Bunge & William Burck (Attachments: # 1 Notification of Party Contact Information)(Bunge, Jonathan) (Entered: 06/30/2020) |
| 06/30/2020 | 117 | NOTICE of Motion by Jonathan Christian Bunge for presentment of motion to withdraw as attorney 116 before Honorable Thomas M. Durkin on 7/1/2020 at 09:00 AM. (Bunge, Jonathan) (Entered: 06/30/2020) |
| 06/30/2020 | 118 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17161856. (Hueston, John) (Entered: 06/30/2020) |
| 06/30/2020 | 119 | MINUTE entry before the Honorable Thomas M. Durkin:Motion to appear pro hac vice 118 is granted as to Rishi Shah. Added attorney John C Hueston for Rishi Shah. Mailed notice (srn, ) (Entered: 06/30/2020) |
| 06/30/2020 | 120 | MINUTE entry before the Honorable Thomas M. Durkin:Motion to withdraw as attorney 116 is granted. Jonathan Christian Bunge and William Anthony Burck are hereby withdrawn from the case as to Rishi Shah. No appearance is required on 7/1/2020. Attorney Jonathan Christian Bunge and William Anthony Burck terminated. Mailed notice (srn, ) (Entered: 06/30/2020) |
| 07/02/2020 | 127 | MINUTE entry before the Honorable Thomas M. Durkin:Motion to appear pro hac vice 123 is granted as to Shradha Agarwal. Attorney Stephen G. Larson for Shradha Agarwal added. Mailed notice (srn, ) (Entered: 07/02/2020) |
| 07/02/2020 | 128 | MINUTE entry before the Honorable Thomas M. Durkin:Motion to appear pro hac vice 124 is granted as to Shradha Agarwal. Attorney Koren Bell for Shradha Agarwal added. Mailed notice (srn, ) (Entered: 07/02/2020) |
| 07/02/2020 | | (Court only) ***Motions terminated 118 (srn, ) (Entered: 07/02/2020) |

| 07/07/2020 | 130 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17179038. (Chou, Vicki) (Entered: 07/07/2020) |
| 07/07/2020 | 131 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17179087. (Todisco, Michael) (Entered: 07/07/2020) |
| 07/07/2020 | 132 | MINUTE entry before the Honorable Thomas M. Durkin:Motion to appear pro hac vice 130 is granted as to Rishi Shah. Added attorney Vicki Chou for Rishi Shah. Mailed notice (srn, ) (Entered: 07/07/2020) |
| 07/07/2020 | 133 | MINUTE entry before the Honorable Thomas M. Durkin:Motion to appear pro hac vice 131 is granted as to Rishi Shah. Added attorney Michael Hayes Todisco for Rishi Shah. Mailed notice (srn, ) (Entered: 07/07/2020) |
| 07/07/2020 | | (Court only) ***Motions terminated 130 131 (srn, ) (Entered: 07/07/2020) |
| 07/10/2020 | 134 | MOTION by USA JOINT MOTION FOR EARLY RETURN OF TRIAL SUBPOENAS as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 07/10/2020) |
| 07/10/2020 | 135 | NOTICE of Motion by Matthew Francis Madden for presentment of motion for miscellaneous relief 134 before Honorable Thomas M. Durkin on 7/16/2020 at 09:00 AM. (Madden, Matthew) (Entered: 07/10/2020) |
| 07/10/2020 | 136 | MINUTE entry before the Honorable Thomas M. Durkin:Government's joint motion for early return of trial subpoenas 134 is granted as to Rishi Shah, Shradha Agarwal, Brad Purdy, and Ashik Desai. No appearance is required on 7/16/2020. Mailed notice (srn, ) (Entered: 07/10/2020) |
| 07/10/2020 | 137 | MINUTE entry before the Honorable Thomas M. Durkin:as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy, Telephone Conference set for 7/15/2020 at 01:00 PM. The parties are to call 877−402−9757, access code 4410831. Mailed notice (srn, ) (Entered: 07/10/2020) |
| 07/10/2020 | 138 | ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy Fifth Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in−person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in−court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020. Mailed notice. (clerk1, Docket) (Entered: 07/10/2020) |
| 07/15/2020 | 139 | MINUTE entry before the Honorable Thomas M. Durkin:as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy, Telephone conference held on 7/15/2020. Telephone Conference set for 8/6/2020 at 01:00 PM. The parties are to call 877−402−9757, access code 4410831. In the interest of justice and without objection, time is excluded from 7/15/2020 to and including 8/6/2020 under 18:3161(h)(7)(B)(iv) of the Speedy Trial Act. Mailed notice (srn, ) (Entered: 07/20/2020) |
| 07/23/2020 | 140 | ATTORNEY Appearance for defendant Rishi Shah by Christopher T Grohman (Grohman, Christopher) (Entered: 07/23/2020) |
| 08/06/2020 | 141 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17288370. (Lowder, Amos) (Entered: 08/06/2020) |
| 08/06/2020 | 143 | MINUTE entry before the Honorable Thomas M. Durkin as to Rishi Shah: Telephone conference held on 8/6/2020. Jury trial is set on 2/22/2022 at 9:30 a.m. Telephone status is set on 10/15/2020 at 1:00 p.m. The parties are to report on discovery and pretrial motions at the next status. The parties are to call 877−402−9757, access code 4410831. In the interest of justice and without objection, time is excluded from 8/6/2020 to and including 2/22/2022 under 18:3161(h)(7)(B)(iv) of the Speedy Trial Act. Mailed notice (sxw, ) (Entered: 08/06/2020) |
| 08/06/2020 | 147 | MINUTE entry before the Honorable Thomas M. Durkin: Motion to appear pro hac vice 141 is granted as to Shradha Agarwal. Added Attorney A. Alexander Lowder for Shradha Agarwal. Mailed notice (sxw, ) (Entered: 08/06/2020) |

| 09/03/2020 | 148 | SEALED MOTION by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 09/03/2020) |
|---|---|---|
| 09/03/2020 | 149 | SEALED Document (Madden, Matthew) (Entered: 09/03/2020) |
| 09/09/2020 | 150 | SEALED ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Sealed motion 148 is granted. Signed by the Honorable Thomas M. Durkin on 9/9/2020. Mailed notice. (ecw, ) (Entered: 09/09/2020) |
| 10/15/2020 | 151 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Telephone conference held on 10/15/2020. Defendants' presence was waived. Parties report on the status of the case. A written status report as to the issues discussed on the record is due by 11/16/2020. A telephone status hearing is set for 1/21/2021 at 1:00 p.m. The parties are to call 877−402−9757, access code 4410831. Mailed notice. (ecw, ) (Entered: 10/15/2020) |
| 11/02/2020 | 152 | MOTION by USA for protective order as to Rishi Shah, Shradha Agarwal, Brad Purdy *under FRE 502(d) (unopposed)* (Johnston, William) (Entered: 11/02/2020) |
| 11/02/2020 | 153 | NOTICE of Motion by William E Johnston for presentment of motion for protective order 152 before Honorable Thomas M. Durkin on 11/5/2020 at 09:00 AM. (Johnston, William) (Entered: 11/02/2020) |
| 11/03/2020 | 154 | PROTECTIVE Order as to Rishi Shah, Shradha Agarwal, Brad Purdy. Signed by the Honorable Thomas M. Durkin on 11/3/2020. Mailed notice. (ecw, ) (Entered: 11/03/2020) |
| 11/04/2020 | 155 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. The parties have agreed on a proposed briefing schedule as to defendants' motion for a bill of particulars. Defendants' motion is to be filed on or before 11/10/2020. The government's response is due 12/8/2020. Defendants' reply is due 12/22/2020. Mailed notice. (ecw, ) (Entered: 11/04/2020) |
| 11/10/2020 | 156 | MOTION by Rishi Shah for bill of particulars as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy −− *JOINT CONSOLIDATED MOTION for Bill of Particulars* −− (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Hueston, John) (Entered: 11/10/2020) |
| 11/16/2020 | 157 | STATUS REPORT by USA as to Rishi Shah, Shradha Agarwal, Brad Purdy (Johnston, William) (Entered: 11/16/2020) |
| 12/08/2020 | 158 | MOTION by USA for leave to file brief in excess of fifteen pages as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 12/08/2020) |
| 12/08/2020 | 159 | RESPONSE by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy regarding MOTION by Rishi Shah for bill of particulars as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy −− *JOINT CONSOLIDATED MOTION for Bill of Particulars* −− 156 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Madden, Matthew) (Entered: 12/08/2020) |
| 12/08/2020 | 160 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Motion for leave to file excess pages 158 is granted. Mailed notice. (ecw, ) (Entered: 12/08/2020) |
| 12/09/2020 | 161 | RESPONSE by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy regarding MOTION by Rishi Shah for bill of particulars as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy −− *JOINT CONSOLIDATED MOTION for Bill of Particulars* −− 156 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Madden, Matthew) (Entered: 12/09/2020) |
| 12/14/2020 | 162 | MINUTE entryr before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. The telephone status hearing set for 1/21/2021 at 1:00 p.m. is reset for 1/22/2021 at 1:00 p.m. The parties are to call 877−402−9757, access code 4410831. Mailed notice. (ecw, ) (Entered: 12/14/2020) |
| 12/15/2020 | 163 | SEALED MOTION by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 12/15/2020) |

| | | |
|---|---|---|
| 12/15/2020 | 164 | SEALED ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Sealed motion 163 is granted. Signed by the Honorable Thomas M. Durkin on 12/15/2020. Mailed notice. (ecw, ) (Entered: 12/15/2020) |
| 12/22/2020 | 165 | REPLY by Rishi Shah, Shradha Agarwal, Brad Purdy to MOTION by Rishi Shah for bill of particulars as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy −− *JOINT CONSOLIDATED MOTION for Bill of Particulars* −− 156 (Hueston, John) (Entered: 12/22/2020) |
| 01/04/2021 | 166 | MOTION by USA for leave as to Rishi Shah, Shradha Agarwal, Brad Purdy *Government's Motion for Leave to File Surreply* (Madden, Matthew) (Entered: 01/04/2021) |
| 01/04/2021 | 167 | NOTICE of Motion by Matthew Francis Madden for presentment of motion for leave to 166 before Honorable Thomas M. Durkin on 1/7/2021 at 09:00 AM. (Madden, Matthew) (Entered: 01/04/2021) |
| 01/04/2021 | 168 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Hearing for presentment of motion for leave to file surreply 166 set for 1/7/2021 at 9:00 a.m. will proceed by telephone. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 01/04/2021) |
| 01/07/2021 | 169 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Motion hearing held on 1/7/2021. Motion for leave to file sur−reply 166 is granted. The government is to file their sur−reply in opposition to the motion for bill of particulars 156 by the end of the day. The defendants' sur−sur−reply is due by 1/15/2021. The status hearing set for 1/22/2021 will stand. Parties are to contact the courtroom deputy by 1/18/2021 with regards to whether there will be oral argument on the motion. Pursuant to Fed.R.Crim.P 5(f)(1) the Court confirmed the continuing obligation of the United States to disclose favorable information material to guilt or punishment, and possible consequences of non−disclosure. Mailed notice. (ecw, ) (Entered: 01/07/2021) |
| 01/07/2021 | 170 | SUR−REPLY by Plaintiff USA *Government's Surreply in Opposition to Defendants' Motion for Bill of Particulars* (Madden, Matthew) (Entered: 01/07/2021) |
| 01/15/2021 | 171 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. The telephone status hearing set for 1/22/2021 at 1:00 p.m. is reset for 1:30 p.m. TIME CHANGE ONLY. Mailed notice. (ecw, ) (Entered: 01/15/2021) |
| 01/15/2021 | 172 | RESPONSE by Rishi Shah, Shradha Agarwal, Brad Purdy to sur−reply 170 (Hueston, John) (Entered: 01/15/2021) |
| 01/22/2021 | 173 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Telephone conference held on 1/22/2021. For the reasons stated on the record, Defendants' motion for bill of particulars 156 is denied. A telephone status hearing is set for 5/4/2021 at 1:00 p.m. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 01/22/2021) |
| 02/06/2021 | 174 | TRANSCRIPT OF PROCEEDINGS as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy held on 01/22/21, before the Honorable Thomas M. Durkin. Order Number: 40015. Court Reporter Contact Information: Elia E. Carrion, EECarrionOfficialTranscript@gmail.com, 312−408−7782. |

| | | |
|---|---|---|
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/1/2021. Redacted Transcript Deadline set for 3/9/2021. Release of Transcript Restriction set for 5/7/2021. (Carrion, Elia) (Entered: 02/06/2021) |
| 03/05/2021 | 175 | MOTION by USA for protective order as to Rishi Shah, Shradha Agarwal, Brad Purdy *under FRE 502(d) (unopposed)* (Johnston, William) (Entered: 03/05/2021) |
| 03/05/2021 | 176 | NOTICE of Motion by William E Johnston for presentment of motion for protective order 175 before Honorable Thomas M. Durkin on 3/11/2021 at 09:00 AM. (Johnston, William) (Entered: 03/05/2021) |
| 03/09/2021 | 177 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Unopposed motion for protective order 175 is granted. Enter order. Mailed notice. (ecw, ) (Entered: 03/09/2021) |
| 03/09/2021 | 178 | PROTECTIVE Order as to Rishi Shah, Shradha Agarwal, Brad Purdy. Signed by the Honorable Thomas M. Durkin on 3/9/2021. Mailed notice. (ecw, ) (Entered: 03/09/2021) |
| 04/14/2021 | 179 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. On the Court's own motion, the telephone status hearing set for 5/4/2021 at 1:00 p.m. is reset for 2:00 p.m. Time change only. Mailed notice. (ecw, ) (Entered: 04/14/2021) |
| 05/04/2021 | 180 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−18207077. (Cai, Haoxiaohan) (Entered: 05/04/2021) |
| 05/04/2021 | 181 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah. Motion to appear pro hac vice 180 is granted. Added attorney Haoxiaohan Cai for Rishi Shah. Mailed notice. (ecw, ) (Entered: 05/04/2021) |
| 05/04/2021 | 182 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Telephone status hearing held on 5/4/2021. Parties are to file a joint status report by 5/18/2021, as to whether they expect to be able to complete the jury trial between 2/22/2022 and 5/13/2022. A telephone status hearing is set for 7/8/2021 at 1:00 p.m. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 05/04/2021) |
| 05/17/2021 | 183 | STATUS REPORT by USA as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai (Madden, Matthew) (Entered: 05/17/2021) |
| 05/17/2021 | 184 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. A telephone status hearing is set for 5/19/2021 at 2:00 p.m. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 05/17/2021) |

| | | |
|---|---|---|
| 05/20/2021 | 185 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Telephone status hearing held on 5/20/2021. The Jury Trial set to begin on 2/22/2022 is reset to begin on 2/14/2022 at 9:00 a.m. Government expert disclosures are to be made 6 months before trial. Defense expert disclosures are to be made 4 months before trial. Defense rebuttal expert disclosures are to be made 2 months before trial. A Santiago proffer 90 days before trial. Rule 404(b) notice to be provided 60 days before trial. The government is to disclose witness and exhibit lists 45 days before trial. The defense is to provide the government with witness and exhibit lists 21 days before trial. Parties are to propose dates for the Final Pretrial Conference, for filing motions in limine and responses. The status hearing set for 7/8/2021 stands. Mailed notice. (ecw, ) (Entered: 05/20/2021) |
| 05/25/2021 | 186 | SEALED MOTION by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 05/25/2021) |
| 05/25/2021 | 187 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Sealed motion 186 is granted. Enter order. Mailed notice. (ecw, ) (Entered: 05/25/2021) |
| 05/25/2021 | 188 | SEALED ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Signed by the Honorable Thomas M. Durkin on 5/25/2021. Mailed notice. (ecw, ) (Entered: 05/25/2021) |
| 07/06/2021 | 189 | SEALED MOTION by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 07/06/2021) |
| 07/06/2021 | 190 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Sealed motion 189 is granted. Enter order. Mailed notice. (ecw, ) (Entered: 07/06/2021) |
| 07/06/2021 | 191 | SEALED ORDER as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Signed by the Honorable Thomas M. Durkin on 7/6/2021. Mailed notice. (ecw, ) (Entered: 07/06/2021) |
| 07/08/2021 | 192 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Telephone status hearing held on 7/8/2021. The parties are to contact Judge Durkin's courtroom deputy to schedule a final pretrial conference. Parties may also contact the courtroom deputy if a ruling on a particular motion in limine is needed before the pretrial conference. A telephone status hearing is set for 9/8/2021 at 1:00 p.m. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 07/08/2021) |
| 08/13/2021 | 193 | MOTION by Rishi Shah to continue as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy (Attachments: # 1 Declaration, # 2 Exhibit A to Chou Declaration, # 3 Text of Proposed Order)(Chou, Vicki) (Entered: 08/13/2021) |
| 08/17/2021 | 194 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. The government is to respond to Defendant Shah's motion for a continuance 193 by 8/19/2021. Reply is due by 8/23/2021. A telephone hearing is set for 8/25/2021 at 12:00 p.m. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 08/17/2021) |

| | | |
|---|---|---|
| 08/19/2021 | 195 | RESPONSE by USA as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy regarding MOTION by Rishi Shah to continue as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy 193 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Madden, Matthew) (Entered: 08/19/2021) |
| 08/23/2021 | 196 | REPLY by Rishi Shah to MOTION by Rishi Shah to continue as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy 193 *(Reply in Support of Motion)* (Chou, Vicki) (Entered: 08/23/2021) |
| 08/23/2021 | 197 | DECLARATION Declaration of Vicki Chou in Support of Reply re Shah's Motion to Continue Trial by Rishi Shah as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai (Attachments: # 1 Exhibit A)(Chou, Vicki) (Entered: 08/23/2021) |
| 08/24/2021 | 198 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah. The Clerk is directed to seal Defendant Shah's reply 196 and declaration in support 197 . Defense counsel is to file public documents redacting personal health information. Mailed notice. (ecw, ) (Entered: 08/24/2021) |
| 08/24/2021 | 199 | REPLY by Rishi Shah to MOTION by Rishi Shah to continue as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy 193 *[REDACTED] REPLY IN SUPPORT OF MOTION* (Attachments: # 1 Declaration REDACTED, # 2 Exhibit A)(Chou, Vicki) (Entered: 08/24/2021) |
| 08/24/2021 | 200 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. The telephone motion hearing set for 8/25/2021 at 12:00 p.m. is reset for 1:00 p.m. Time change only. Mailed notice. (ecw, ) (Entered: 08/24/2021) |
| 08/25/2021 | 201 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Motion hearing held by telephone on 8/25/2021. For the reasons stated on the record, the motion to continue 193 is granted. The 2/14/2022 jury trial date is vacated. A joint status report regarding a new trial date is due by 8/31/2021. A telephone status hearing is set for 9/1/2021 at 1:00 p.m. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Time remains excluded through 2/14/2022 until a new trial date is set. Mailed notice. (ecw, ) (Entered: 08/25/2021) |
| 08/31/2021 | 202 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. The telephone status hearing set for 9/1/2021 at 1:00 p.m. is reset for 2:00 p.m. Time change only. Mailed notice. (ecw, ) (Entered: 08/31/2021) |
| 08/31/2021 | 203 | ORDER Pursuant to Federal Rule of Criminal Procedure 5(f) as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Signed by the Honorable Thomas M. Durkin on 8/31/2021. Mailed notice. (ecw, ) (Entered: 08/31/2021) |
| 08/31/2021 | 204 | STATUS REPORT *(JOINT STATUS REPORT)* by Rishi Shah as to Rishi Shah, Shradha Agarwal, Brad Purdy, Ashik Desai (Chou, Vicki) (Entered: 08/31/2021) |
| 09/01/2021 | 205 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Telephone status hearing held on 9/1/2021. A telephone status hearing is set for 10/15/2021 at 1:00 p.m. to reset the trial date. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Time remains excluded through February of 2022. Mailed notice. (ecw, ) (Entered: 09/01/2021) |

| | | |
|---|---|---|
| 09/09/2021 | 206 | SEALED MOTION by USA as to Rishi Shah, Shradha Agarwal, Brad Purdy (Madden, Matthew) (Entered: 09/09/2021) |
| 09/09/2021 | 207 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah, Shradha Agarwal, Brad Purdy. Sealed motion 206 is granted. Enter order. Mailed notice. (ecw, ) (Entered: 09/09/2021) |
| 09/09/2021 | 208 | SEALED ORDER as to Rishi Shah, Shradha Agarwal, Brad Purdy. Signed by the Honorable Thomas M. Durkin on 9/9/2021. Mailed notice. (ecw, ) (Entered: 09/09/2021) |
| 10/15/2021 | 209 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. Telephone status hearing held on 10/15/2021. Jury Trial is set for 1/23/2023. A telephone status hearing is set for 11/22/2021 at 11:00 a.m. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The government's oral motion to exclude time for continuity of counsel and complexity of the case is granted without objection. Time is excluded through 1/23/2023. Mailed notice. (ecw, ) (Entered: 10/15/2021) |
| 10/26/2021 | 210 | MOTION by USA for hearing as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy *Motion for Hearing on Shah's Conditions of Pretrial Release and to Provide Notice of Shah's Violation of Forfeiture Agreement* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Madden, Matthew) (Entered: 10/26/2021) |
| 10/27/2021 | 211 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah. A telephone conference as to the Government's motion for hearing on Defendant Rishi Shah's conditions of pretrial release and to provide notice of Shah's violation of forfeiture agreement 210 is set for 11/3/2021 at 11:00 a.m. Mr. Shah is required to be on the call. To join the telephone conference, dial 877−402−9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 10/27/2021) |
| 10/29/2021 | 212 | MEMORANDUM by Rishi Shah in Opposition to MOTION by USA for hearing as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy *Motion for Hearing on Shah's Conditions of Pretrial Release and to Provide Notice of Shah's Violation of Forfeiture Agreement* 210 (Attachments: # 1 Exhibit A)(Chou, Vicki) (Entered: 10/29/2021) |
| 11/02/2021 | 213 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah. The motion hearing set for 11/3/2021 at 11:00 a.m. is reset for 2:00 p.m. Time change only. Mailed notice. (ecw, ) (Entered: 11/02/2021) |
| 11/03/2021 | 214 | MINUTE entry before the Honorable Thomas M. Durkin: as to Rishi Shah. Motion hearing held by telephone on 11/3/2021. For the reasons discussed on the record, the motion for a hearing 210 is granted, and the motion to modify the conditions of pretrial release 210 is denied. Mailed notice. (ecw, ) (Entered: 11/03/2021) |
| 11/03/2021 | 215 | MOTION by Rishi Shah, Shradha Agarwal, Brad Purdy to modify as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy *Protective Order Governing Discovery* (Vermylen, Emily) (Entered: 11/03/2021) |
| 11/04/2021 | 216 | MINUTE entry before the Honorable Thomas M. Durkin: as to Ashik Desai, Rishi Shah, Shradha Agarwal, Brad Purdy. The parties have agreed to the following briefing schedule on the motion to modify protective order governing discovery 215 : the Government's response is due by 12/3/2021; Defendants' replies are due by 12/17/2021. Mailed notice. (ecw, ) (Entered: 11/04/2021) |