UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RISHI SHAH and SHRADHA AGRAWAL | No. 19 CR 864<br><br>Judge Thomas M. Durkin |

**GOVERNMENT'S MOTION TO REVOKE BOND PENDING APPEAL**

The UNITED STATES OF AMERICA, by and through its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and LORINDA LARYEA, Chief, White Collar and Corporate Enforcement Section, hereby files this motion to revoke bond pending appeal for defendants Rishi Shah and Shradha Agrawal. For the reasons set forth below, following the Seventh Circuit's opinion affirming defendants' convictions, there no longer exists a ground for bond pending appeal under 18 U.S.C. § 3143(b). Accordingly, bond for both defendants should be revoked and each should be promptly ordered to begin serving their respective sentences.[1]

## I. Background

Following an eleven-week jury trial, defendants were convicted of various fraud and money laundering offenses. After the trial but before sentencing, they filed motions to dismiss, arguing that the government's pretrial over-restraint of certain assets deprived them of their Sixth Amendment right to counsel and violated their Fifth Amendment Due Process rights. (Docket #488, 490.) The Court conducted hearings related to these issues over the course of several months in 2024 and ultimately denied defendants' motions. (Docket #747.) Among other things, the Court

[1] In accordance with this Court's website, on August 14, 2026, the undersigned Assistant United States Attorney emailed lead counsel for both defendants about a proposed briefing schedule for this motion. The undersigned Assistant United States Attorney did not receive a response.

found that evidence from the post-trial evidentiary hearings on this issue showed that, even if there were no over-restraint of assets, defendants still would not have been able to afford their identified choice of counsel. (*Id*. at 19-31.)

Thereafter, sentencing hearings were held for both defendants. This Court sentenced defendant Shah to 90 months' imprisonment, (Docket #805), and defendant Agrawal to one day considered time served and three years of supervised release restricted to a community confinement facility. (Docket #807.)

On September 16, 2024, over the government's objection, this Court granted defendant Shah's motion for bond pending appeal, finding that his arguments regarding the pretrial over-restraint of his assets raised a substantial question of law or fact likely to result in reversal or a new trial. (Docket #882.) The Court then granted defendant Agrawal's unopposed motion to stay imposition of her supervised release term pending further order of the Court. (Docket #886.) Both defendants have remained on bond pending appeal ever since.

On August 6, 2026, the Seventh Circuit Court of Appeals affirmed defendants' convictions in this case. *See United States v. Shah, et al.*, No. 24-2230, 2026 WL 2263536 (7th Cir. Aug. 6, 2026). In doing so, the court addressed several issues, including the pretrial over-restraint of assets that this Court identified as a substantial issue. In its ruling, the Seventh Circuit found no clear error in this Court's conclusion that defendants had failed to show that the pretrial over-restraint of assets deprived them of their right to counsel of choice. (*Id.* at *12-*13.)

**II. Analysis**

As detailed below, this Court can revoke bond pending appeal for defendants at this time and should do so because of the Seventh Circuit's decision affirming their convictions. Following

that decision, defendants can no longer meet their burden under 18 U.S.C. § 3143(b) to show a substantial issue likely to result in reversal or a new trial.

The government begins with the threshold jurisdiction issue. Normally, the filing of a notice of appeal divests the district court of jurisdiction to rule on matters while the appeal is pending. However, motions for bond pending appeal under 18 U.S.C. § 3143(b) are treated differently. To start with, such motions are presented initially to the district court for resolution, not the court of appeals. *See* Federal Rule of Appellate Procedure 8(a). Furthermore, numerous courts, including the Seventh Circuit, have found that a corollary of the power to initially decide bond issues is the ability of district courts to modify or revoke bond conditions while a case is on appeal and before a mandate has issued.

The Seventh Circuit addressed this issue in *United States v. Black*, 543 F.2d 35 (7th Cir. 1976). There, after a defendant granted bond pending appeal had his conviction affirmed, the district court ordered the defendant to report to custody. *Id.* at 36. When the defendant did not appear, he was charged with failing to report to the United States Marshal as ordered. *Id.* He challenged the case against him by claiming that the district court did not have jurisdiction to order him to report to custody because that order was entered before the mandate had been issued by the court of appeals. *Id.*

The Seventh Circuit rejected this argument, noting that even after an appeal, district courts can "enforce the conditions of a bond under which defendant has been released pending appeal." *Id.* at 37. A district court "retains jurisdiction over the person of the defendant" for purposes of "reviewing, altering or amending the conditions under which the court released the defendant, and is empowered to revoke or forfeit the defendant's bond during the pendency of an appeal for any of the reasons which would have supported an initial denial of the defendant's application for

release." *Id.* "[T]he same statute which explicitly empowers the district court to impose conditions upon release pending appeal, implicitly empowers the court to make such adjustments in those conditions as circumstances may necessitate." *Id.*

Following *Black*, other courts have similarly ruled that when convictions have been affirmed, district courts have jurisdiction to revoke conditions of release for defendant's previously granted bond pending appeal, even when a mandate has not yet been issued. *See, e.g.*, *United States v. Krzyske*, 857 F.2d 1089, 1090-92 (6th Cir. 1988); *United States v. Drefke*, 707 F.2d 978, 984 (8th Cir. 1983); *United States v. Zimny*, 279 F. Supp. 3d 367, 367-68 (D. Mass. 2017); *United States v. Mikell*, No. 97-CR-81493, 2010 WL 148673, at *3-*5 (E.D. Mich. Jan. 12, 2010); *United States v. Sattar*, No. 02 CR 395 (JGK), 2009 WL 4038461, at *1 (S.D.N.Y. Nov. 18, 2009); *United States v. Derewal*, No. CRIM. 88-98, 1995 WL 672821, at *2 (E.D. Pa. Nov. 8, 1995); *United States v. Sullivan*, 631 F. Supp. 1539, 1540-41 (E.D. Pa. 1986).

These cases make clear that this Court has the authority to revoke defendants' bond pending appeal. And the Court should do so here because, as detailed below, following the Seventh Circuit's opinion, there is no longer any substantial issue likely to result in reversal or a new trial.

As this Court knows, under 18 U.S.C. § 3143(b)(1)(B), a defendant who is not a flight risk or a danger to the community, and who has been sentenced to a term of imprisonment, "shall" be detained pending appeal, unless a court finds that the appeal "raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." "This is an exacting standard." *United States v. Harris*, 942 F.2d 1125, 1135 n.7 (7th Cir. 1991). Moreover, § 3143 "requires the defendant, not the government, to shoulder 'the burden of showing the merit of the

appeal.'" *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 27 n.86, 1984 U.S. Code Cong. & Ad. News 3182, 3210 n.86).

This Court identified one substantial issue when it considered the motion for bond pending appeal—whether the pretrial over-restraint of assets violated defendant Shah's Sixth Amendment right to choice of counsel. (Docket #882 at 2-3.) In light of the Seventh Circuit's ruling, that is no longer a substantial issue. The Seventh Circuit's unanimous decision that there was no Sixth Amendment violation firmly establishes that the issue is not substantial and not likely to result in a reversal or new trial. Put simply, the issue is now settled. *See, e.g.*, *Krzyske*, 857 F.2d at 1092 ("Our decision affirming the district court's judgment and sustaining the convictions . . . and in denying the petition for rehearing or rehearing en banc settled the chief issue . . . in favor of the government. Unless or until the Supreme Court should take some action to the contrary, and statistical studies have shown slight likelihood that the Court will undertake such action on petitions for certiorari, there is no logical reason for [defendant] to remain free."); *Zimny*, 279 F. Supp. 3d at 367-68 (no substantial issue remained after court of appeals affirmed); *Derewal*, 1995 WL 672821, at *2 (finding no substantial issue after a "unanimous panel of the Third Circuit affirmed" and denied petition for rehearing *en banc*); *Sullivan*, 631 F. Supp. at 1541-42 ("In view of the decision of the court of appeals in this matter, I find that there is no substantial question for further appeal, based on my review of the appellate briefs submitted by defense counsel.").

While § 3143(b)(1)(B) also applies to a defendant filing a petition for a writ of certiorari, which the government expects defendants to do in this case, that does not transform their Sixth Amendment claim into a substantial issue. *See Krzyske*, 857 F.2d at 1092; *Sullivan*, 631 F. Supp. at 1540 (finding chances for obtaining "review or reversal" from the Supreme Court "slim to none"). The Sixth Amendment claim has been resolved by the court of appeals, which agreed with

this Court that no constitutional violation occurred. Statistically speaking, the likelihood of the Supreme Court granting certiorari in any one case is low.[2] And this case seems a particular poor fit for certiorari given that the Seventh Circuit did not address or create a circuit split and this Court largely applied existing law to facts that were developed at evidentiary hearings. *See* Sup. Cr. R. 10 ("A petition for writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule."). All of this points to the commonsense conclusion that the Sixth Amendment issue is no longer substantial or likely to result in reversal or a new trial.

## III. Conclusion

For the reasons set forth above, the government respectfully requests that this Court revoke bond for both defendants and set report dates for them to promptly begin serving their respective sentences.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *<u>/s/ Jason A. Yonan</u>*
JASON A. YONAN
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-0708

Dated: August 18, 2026

[2] According to the statistics from the Supreme Court's website, as of June 30, 2026, there were a total of 4,133 cases docketed during the October 2025 term, and certiorari was granted in only 59 of those cases. *See* https://www.supremecourt.gov/orders/journal/Jnl25.pdf (last visited August 12, 2026). That is an acceptance rate of less than 1.5 percent.